In Re Garst.

IN THE MATTER OF THE APPLICATION OF GEORGE W. GARST, FOR A WRIT OF HABEAS CORPUS.

1. **Practice in Criminal Cases**: PRELIMINARY EXAMINATION. Where a person accused of an offense is arrested and taken before a magistrate for examination, and is discharged, such discharge does not bar another examination for the same offense, before the same or another magistrate, upon a new complaint being filed. An examination is not a trial.

2. ———: CHANGE OF VENUE. The act providing for a change of venue in civil and criminal proceedings before justices of the peace, approved March 25, 1871 [Gen. Stat., 718], applies to all proceedings, whether civil or criminal, before justices of the peace. And the affiant, in his affidavit for a change of

venue, may also state any objections that he may know to exist against the nearest justice to whom the cause could be transferred, and if he fail to do so such objections will be waived. But one change can be made for the same cause in the same proceeding.

APPLICATION for a writ of habeas corpus.

*Colby & Hazlett* and *W. H. Ashby*, for the application.

MAXWELL, CH. J.

This is an application for a writ of habeas corpus. The application states that the petitioner, on the eighteenth day of January, 1880, was arrested and brought before the county judge of Gage county for examination on a warrant issued by the coroner of said county, and that thereupon, on the twentieth of said month, said judge, in the presence of the accused, proceeded to inquire into the charge of manslaughter made against said Garst, and that upon a full examination of said charge said judge found that no crime had been committed, and thereupon discharged the accused, which judgment and order still remain in full force and unreversed. The application also states that on the twenty-second day of January, 1880, after said Garst had been discharged by the order and judgment of said county judge, a warrant was issued by one E. M. Hill, a justice of the peace of said county, and that thereupon said Garst was again arrested and taken before said justice to answer the charge of killing one Peter Keller, upon which charge he had been examined and discharged by the county judge; that thereafter said prisoner obtained a change of venue because of the interest of said Hill, said cause being transferred to one Joseph Lowe, a justice of the peace of said county; that on the twenty-third day of that

month the petitioner objected to the jurisdiction of said justice to again examine into said cause, and asked to be discharged, which objection was overruled; that on the thirtieth day of January said petitioner made application for a change of venue, and filed an affidavit with said justice before entering upon the merits of the case, stating that the defendant could not, as he verily believed, have a fair and impartial hearing before said justice on account of his bias, which motion was overruled; that thereupon an examination of the petitioner was had before said justice, and he was bound over in the sum of $1300 for his appearance at the next term of the district court, in default of which he was committed to the jail of said county. A copy of the warrant of commitment is set out in the application.

The principal points upon which it is claimed the petitioner should be discharged are, *first*, that having been discharged by the county judge, he could not again be arrested and examined for the same offense; *second*, that the justice of the peace, Lowe, should have granted a change of venue.

Section 286 of the criminal code provides that "whenever a complaint in writing, and upon oath, signed by the complainant, shall be filed with the magistrate, charging any person with the commission of an offense against the laws of this state, it shall be the duty of such magistrate to issue a warrant for the person accused, if he shall have reasonable grounds to believe that an offense has been committed." [Gen. Stat., 790.]

Section 302 provides that "if upon the whole examination it appears that there has been no offense committed, or that there is not probable cause for holding the prisoner to answer the offense, he shall be discharged." [Gen. Stat., 792.]

In Re Garst.

An examination of a person accused of a felony before a committing magistrate is in no sense a trial. If so, the officer would have no jurisdiction whatever. The object of an examination is, *first,* to ascertain whether an offense has been committed; *second,* if so, whether there is probable cause to believe that the accused committed it.

Where a complaint is made under oath before a magistrate charging a party with the commission of an offense, such magistrate has authority to issue a warrant for the arrest of the accused, and the examination which follows is for the purpose of determining whether sufficient cause exists for his retention to abide the action of the grand jury. The grand jury may refuse to indict even if the accused is bound over, or may find an indictment even if he is discharged. But his discharge by one magistrate is no bar to an examination for the same offense in case the proper complaint is made before the same or another magistrate.

It is urged that a party accused of an offense might thus be subjected to great annoyance by reason of repeated examinations. While this is true, and if there is not a reasonable ground of suspicion a party may maintain in a proper case an action for malicious prosecution for injuries sustained by such prosecutions, yet such re-examinations afford no grounds of themselves to justify the issuance of a writ of habeas corpus.

As to the second proposition, the act to allow " a change of venue in civil and criminal proceedings before justices of the peace, on account of the interest, bias, or prejudice of the justice," approved March 25, 1871 [Gen. Stat., 718], provides: "That in all civil and criminal proceedings before justices of the peace, any defendant in such proceedings may apply for and

8

obtain a change of venue by filing an affidavit in the case made by the defendant, his agent, or attorney, stating that the defendant cannot, as affiant verily believes, have a fair and impartial hearing in the case on account of the interest, bias, or prejudice of the justice, and by paying the costs now required to be paid by defendant on change of venue, for the causes and in the cases mentioned in chapter four of title thirty, part two of the revised statutes, and thereupon the proceedings shall be transferred to the nearest justice of the peace, to whom the said objections do not apply, of the same county, to be proceeded with in the manner pointed out for the transfer and procedure in cases on change of venue for cause mentioned in said section four."

This act applies to all proceedings, civil and criminal, before justices of the peace, and when a proper affidavit is filed stating the facts required by the statute, and the application is made before entering upon the merits of the case, the justice has no discretion in the premises, but must make the change as desired. If objections are known to exist against the nearest justice to whom the cause could be transferred at the time the application is made, they should be stated in the affidavit, or brought to the attention of the justice before the change is made, and if not so brought to his attention they will be waived. No second change in the same proceeding will be allowed for the same cause.

In the case at bar no objections were made by Garst or his attorneys to the justice, Lowe, at the time the change of venue was made by the justice Hill. Nor is there anything in the record showing that they were not aware of the bias on his part until after the cause had been transferred to him. This should appear in the record to be available; but even if it did,

Savings Bank v. Scott.

this is not a proceeding to correct errors in the proceedings of the justice, and when there is sufficient evidence of probable cause against the accused such errors afford no ground for relief in this proceeding. The law as to change of venue was designed to give a defendant a trial or examination before a justice having neither interest, bias, nor prejudice against him, and, so far as it secures fair and impartial trials and examinations, it is conducive to justice. But it cannot be denied that changes of venue are frequently sought on the most trivial and flimsy pretexts, and when the affiant would find it difficult to assign any valid reason for his so-called belief as to the interest, bias, or prejudice of the justice. No particular objection is shown to the warrant, and it seems to be sufficient. As the application fails to show a case of unlawful imprisonment the writ must be denied.

WRIT DENIED.