MICHAEL McCARTHY, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

Change of Venue: COUNTY COURTS. The provisions of the act approved March 25, 1871 (Gen. Stat., 718), permitting " a change of venue in civil and criminal proceedings before justices of the peace on account of the interest, bias, or prejudice of the justice " do not apply to county courts.

ERROR to the district court of Washington county. Tried below before SAVAGE, J.

*Ballard & Walton*, for plaintiff in error.

*The Attorney General*, for defendant in error.

NOTE.—See *In Re Garst*, ante p. 78.

MAXWELL, CH. J.

In May, 1879, the plaintiff was arrested for a misdemeanor, on a warrant issued by the county judge of Washington county.   The plaintiff thereupon filed an affidavit for a change of venue, under the provisions of the act approved March 25, 1871 (Gen. Stat., 718), to allow a change of venue in civil and criminal proceedings before justices of the peace, etc.   The application for a change of venue was denied, a trial had, and the plaintiff was convicted and fined $5.00 and costs, and to stand committed until paid.   The plaintiff filed a petition in error in the district court, where the judgment was affirmed.   He now brings the case into this court by petition in error.

The principal error relied upon is that the court erred in overruling the application for a change of venue.

Section 1 of the act above referred to provides " that in all civil and criminal proceedings before justices of the peace, any defendant in such proceedings may apply and obtain a change of venue by an affidavit in the case made by the defendant, his agent or attorney, stating that the defendant cannot, as the affiant verily believes, have a fair and impartial hearing in the case, on account of the interest, bias, or prejudice of the justice, and by paying the costs now required to be paid by defendant on change of venue, for the causes and in the cases mentioned in chapter four, of title thirty, part two, of the Revised Statutes, and thereupon proceedings shall be transferred to the nearest justice of the peace to whom said objections do not apply," etc. [Gen. Stat., 718.]   As justices of the peace are specially designated in this act, therefore these provisions, in the opinion of the majority of the court, apply only to causes pending before a justice of the peace, and do not apply

to county courts, although I am unable to give my full assent to this construction of the statute.    The county court therefore did not err in overruling the application for a change of venue, nor the district court in affirming its judgment.    The judgment is therefore affirmed.

JUDGMENT AFFIRMED.