## J. M. TYLER v. C. J. BAXTER.

[FILED MAY 27, 1890.]

1. **Justice of the Peace:** JUDGMENT: DEFAULT: CONFESSION: TRANSCRIPT. A judgment by default was rendered by a justice of the peace on the 1st day of November, 1888. On the 7th day of that month the defendant filed a motion to set the default aside, and confessed judgment for costs. The judgment was thereupon vacated and the case set down for trial on the 16th of that month. *Held*, There was sufficient in the transcript to show that the defendant had confessed such judgment, and that the transcript need not show a formal entry thereof.

2. ———: CHANGE OF VENUE. Where, at the time appointed for the trial of a cause, witnesses are sworn and examined on behalf of the plaintiff, and judgment rendered in his favor, the defendant, who failed to appear upon having the default set aside for that cause and be permitted to defend, will not be entitled to a change of venue, the trial having begun with the former proceedings.

ERROR to the district court for Antelope county. Tried below before NORRIS, J.

*O. A. Williams,* for plaintiff in error.

*W. W. Quivey, contra.*

MAXWELL, J.

On the 25th day of October, 1888, the defendant in error began an action of replevin before a justice of the peace to recover the possession of certain specific personal property. The property was taken under the writ, and upon an undertaking with sureties in the sum of $200 being given the property was delivered to him.

On the first day of November, 1888, a default was taken against the plaintiff in error, the justice finding " the right of property and right of possession of said property when

the action was commenced" to be in Baxter, and judgment accordingly was rendered in his favor and for $10 damages.

On the 7th day of November, 1888, the plaintiff in error filed a motion to set aside the judgment because it was rendered in his absence, and confessed judgment for costs, the docket entry being "The defendant confessed judgment for the costs awarded against him in the above entitled action. Judgment is hereby set aside and trial set for the 16th day of November, 1888, at one o'clock P. M."

On the 15th of November, 1888, the defendant in error filed a motion " to dismiss the proceedings to set aside default for the reason that the costs were not paid herein nor judgment confessed therefor, in the case sought to be set aside, within ten days of the rendition of said judgment by default." The plaintiff in error thereupon filed a motion, supported by an affidavit, for a change of venue. This motion was sustained and the case ordered to be tried before N. S. Forbes, etc. Mr. Baxter thereupon filed a petition in error in the district court and afterwards an amended petition, the assignment of errors in the last petition being :

" 1st. That said justice erred in setting aside said judgment against the objections of the plaintiff and taking further proceedings in the case before the defendant had first confessed judgment in the case for costs of the action and the same had been entered against him.

" 2d. The court erred in entertaining a motion for a change of venue on the part of the defendant before the defendant had confessed judgment for the costs in the case and a judgment had been rendered thereon against him.

"3d. The justice erred in granting a change of venue in said case, and thereby ousting himself of all jurisdiction over the same, before a confession of judgment for the costs had been made by the defendant and judgment therefor entered against him thereon."

44

On the hearing, the petition in error was sustained and the judgment reversed.

It will be observed that the principal error insisted upon is that the plaintiff in error did not confess judgment for costs or pay the same before the judgment was set aside. It is apparent, however, that he did confess such judgment and the justice so found. The transcript does not purport to set forth a copy of the judgment, but merely recites the fact that such judgment was rendered, and this is all that the transcript is required to show, the presumption being that the justice has done his duty and entered judgment. All proceedings before a justice of the peace are to be liberally construed, and errors which do not affect the substantial rights of the parties will be disregarded by a reviewing court.

No objection is made on the ground of the want of authority in the justice to change the venue after the default had been set aside, but it is clear that no such power exists.

Section 954 of the Code provides for such change in certain cases upon the return day, or at any time before the trial has commenced. A trial is commenced when at the appointed time the case is called and witnesses are sworn and examined. The fact that the judgment is afterwards set aside conditionally to permit the defendant to make his defense, does not authorize him at that time to ask for a change of venue. It is then too late, as it is after the beginning of the trial. It is claimed also that the justice set the judgment aside absolutely, when it should have been set aside merely on condition. The proper procedure is to set the judgment aside conditionally, but it is a difference in form more than in substance. In either case, if no sufficient defense is shown, judgment will be entered for the plaintiff.

The district court erred in reversing the judgment of the justice setting aside the default and permitting the defendant below to make his defense.

The judgment is therefore reversed and remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.