E. W. OSBORN v. J. E. SHOTWELL.

[FILED NOVEMBER 5, 1891.]

1. **Justice of the Peace:** BILL OF EXCEPTIONS: IN AN ACTION OF FORCIBLE ENTRY AND DETENTION the statute expressly authorizes the taking of " exceptions to the opinion of the justice," and he has authority to sign the same.

2. ———: ———: CHANGE OF VENUE. Where a defendant files an affidavit for a change of the place of trial, which is refused, all the evidence on that matter before the justice must be preserved in a bill of exceptions, duly signed by him, to predicate error thereon in the district or supreme court.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*P. O. Cassidy*, for plaintiff in error, cited, contending that a bill of exceptions was not necessary: *Belcher v. Skinner*, 28 Neb., 91; *Freeman v. Burks*, 16 Id., 328; *Cook v. Hester*, 21 Id., 369; *U. P. R. Co. v. Smersh*, 22 Id., 751.

*Sawyer & Snell, contra,* cited: Change of venue; Maxwell's Justice Prac., 49; *Bank of Cleveland v. Ward*, 11 O., 128; *Davis v. Rivers*, 49 Ia., 435; *Hall v. Barnes*, 82 Ill., 228; *Sloan v. Smith*, 3 Cal., 410; *People v. Wright*, 5 How. Pr. [N. Y.], 23.

MAXWELL, J.

This is an action of forcible entry and detention. On the trial of the cause before the justice, judgment was rendered in favor of the defendant in error. The case was taken on error to the district court, where the judgment of the justice was affirmed. The transcript of the justice is as follows:

"September 9, 1889, plaintiff filed the following complaint:

"'The plaintiff complains of the defendant for that one Wm. L. Minthing was in his lifetime the owner of the N. E. ¼ of section 27, in township 12, range 7, in Lancaster county, Neb., and that this plaintiff is the administrator of his estate, said Minthing being dead; that as administrator plaintiff leased said premises to the defendant on the 1st day of March, 1889, for one year, but said defendant has neglected, failed, and refused to execute a chattel mortgage to secure the deferred payment in conformity with the terms of said lease, and said lease has become wholly determined null and void, and plaintiff has often demanded possession of said premises from defendant. The plaintiff is entitled to the immediate possession of the said property, but the defendant forcibly and unlawfully detains posses-

sion of the same from the plaintiff. On the 4th day of
September, 1889, plaintiff served a notice in writing on said
defendant to leave said premises. Plaintiff asks restitution
of said premises and costs of suit.

"'(Signed)                    J. E. SHOTWELL.
"'Dated this 9th day of September, 1889.
                    "'N. E. MELICK,
                         "'*Justice of the Peace.*

"'Subscribed and sworn to before me, N. E. Melick,
justice of the peace in and for Lancaster county, Nebraska,
this 9th day of September, 1889.
                    "'N. E. MELICK, *J. P.*

"'In Justice Court, before N. E. Melick, J. P., Lancaster
                    County, Nebraska.

"'J. E. SHOTWELL ⎫
          *v.*            ⎬
    E. W. OSBORN.    ⎭

"'I, E. W. Osborn, do on oath say that I cannot obtain a
fair and impartial trial of the above cause before said jus-
tice of the peace, because of the bias of said justice of the
peace, as affiant verily believes.

"'(Signed)                    E. W. OSBORN.
"'Subscribed and sworn to before me, by the said E.
W. Osborn, the 14th day of September, 1889.
                    "'N. E. MELICK,
                         "'*Justice of the Peace.*'

"Indorsed: 'J. E. Shotwell v. E. W. Osborn. Affida-
vit for a change of venue. Filed this 14th day of Sep-
tember, 1889. N. E. Melick, justice of the peace.'

"On September 9, 1889, I issued summons for E. W.
Osborn, made returnable at 8 o'clock A. M. September 14,
1889, and gave same to A. B. Norton, constable.

"September 14, 1889, 8 o'clock A. M. Summons re-
turned indorsed as follows:

"'Received this summons the 9th day of September, 1889.
I served the within writ on the within named E. W. Os-

born by giving to him personally a true and certified copy of the same with all the indorsements thereon.

  " '(Signed)     A. B. NORTON,
             " ' *Constable.*'

"On case being called parties appeared in person and by their attorneys, Sawyer & Snell, for plaintiff, and Cassidy & Wolfe, for defendant. Thereupon defendant filed an affidavit asking for change of venue on account of bias of the justice before whom the case was to be tried, a copy of which is hereto attached. Defendant's attorneys admit at the same time that there were really no grounds for the affidavit. Plaintiff introduced in evidence the proceedings in this case previously had to show bearing on bias of justice. Motion for change of venue overruled, on ground that the justice was not biased, to which defendant excepts.

"The complaint being read to defendant he refused to plead thereto, on which, and in his behalf, I entered a plea of not guilty. The defendant stated that he should take no part in the proceedings. The plaintiff introduced in evidence a written lease between plaintiff and defendant, executed on the 1st day of March, 1889, also notice given defendant on September, 1889, by plaintiff requiring defendant to vacate premises in dispute, also evidence in relation to chattel mortgage that defendant refused to execute.

"After hearing the evidence in the case, I find that the allegations in the complaint are true, and that the defendant is guilty as charged in said complaint. It is therefore considered and adjudged by me that the plaintiff have restitution of the premises described in said complaint, and that he recover of said defendant the costs of this action, taxed at $5.95."

There is no bill of exceptions, and it is contended on behalf of defendant in error that there is no authority for the justice to sign such bill.

Section 1030 of the Code provides, in cases of forcible entry and detention, that "Exceptions to the opinion of

the justice, in cases under this chapter upon questions of law and evidence, may be taken by either party, whether tried by a jury or otherwise; or either party may appeal from the judgment rendered by such justice by giving bond, with two responsible sureties to be approved by the justice, conditioned, if the plaintiff appeals, to satisfy the final judgment and costs; if the defendant appeals, to satisfy the final judgment and costs, and pay a reasonable rent for the premises during the time he wrongfully withholds the same."

The right of appeal was given by the act of 1883. Prior to that time the only mode of review was by proceedings in error. Exceptions are to be preserved in a bill duly signed by the justice; otherwise it would be impossible for a reviewing court to know with certainty what exceptions had been taken. The right to take exceptions clearly implies the right to have the same preserved in a bill to be authenticated by the signature of the justice. The justice, therefore, had authority in a case of this kind to sign a bill of exceptions. There was no bill in this case and nothing to show that the affidavit in question was all the evidence before the justice. Hence the judgment cannot be disturbed.

Second—Section 958a of the Code provides "That in all civil and criminal proceedings before justices of the peace, any defendant in such proceedings may apply for and obtain a change of venue, by filing an affidavit in the case made by the defendant, his agent or attorney, stating that the defendant cannot, as affiant verily believes, have a fair and impartial hearing in the case on account of the interest, bias, or prejudice of the justice, and by paying the costs now required to be paid by defendant on change of venue for the causes and in the cases mentioned in chapter four of title thirty, part two, of the Revised Statutes, and thereupon the proceedings shall be transferred to the nearest justice of the peace to whom the said objec-

tions do not apply, of the same county, to be proceeded with in the manner pointed out for the transfer and procedure in cases on change of venue for cause mentioned in said chapter four."

These sections no doubt have been productive of much reckless swearing. In many cases, where the oath is made and filed for a change of the place of trial, the justice must know that there is no substantial ground for the oath, and yet he is required to make the change where the terms provided by law as to costs have been complied with. It is not for him to say whether or not he is biased, nor is it necessary to establish bias before a change can be ordered. All that is necessary is for the defendant, his agent or attorney, to make oath that the "defendant cannot, as affiant verily believes, have a fair and impartial hearing in the case on account of the interest, bias, or prejudice of the justice," and paying the costs now required of the defendant by section 958, the place of trial must be changed.

It is stated in the transcript that "defendant's attorney admitted at the same time, when oath for change was made, that there were really no grounds for the affidavit." If this is true, then the oath was a deliberate falsehood and the application would not be made in good faith. Where such is the case, there could be no error in overruling the application. The change is granted to secure an impartial tribunal. If the defendant does not believe that the justice before whom the action is pending is biased or partial, then in taking a false oath he clearly commits perjury. If this statement was made as claimed, it would be sufficient to justify the overruling of the motion.

There is no bill of exceptions, and we have no means of knowing what evidence was before the justice, and therefore cannot hold that he erred in his judgment. The judgment is therefore

AFFIRMED.

THE other judges concur.