## ROBERT M. PEYTON v. NILES JOHNSON.

FILED OCTOBER 17, 1893. No. 4704.

1. **Change of Venue**: SUFFICIENCY OF AFFIDAVIT: JUSTICE OF THE PEACE. Under sections 958a and 958b of the Code (sections 5428 and 5429, Consolidated Statutes) an affidavit by a defendant for a change of venue of a cause pending before a justice of the peace is sufficient if it is in the language of the statute.

2. ———: APPLICATION UNDER STATUTE: DUTY OF JUSTICE. Where a proper affidavit for a change of the place of trial is seasonably filed, and the provisions of the statute relating to the payment of costs have been complied with, it is the imperative duty of the justice of the peace before whom the objection is made to transfer the cause to the nearest justice of the county to whom the same objections do not apply.

3. ———: BIAS OF NEAREST JUSTICE: REVIEW. Where such affidavit also states that "F. A.W., the nearest justice to whom said cause could be transferred, is, as affiant verily believes, biased and prejudiced against affiant, so that a fair and impartial hearing cannot be had before him," it is error for the justice before whom the action is pending to order the venue changed to such nearest justice.

ERROR from the district court of Knox county. Tried below before NORRIS, J,

*O. W. Rice,* for plaintiff in error:

The question of bias or prejudice of other justices is a question of fact, and the justice before whom the objection is made is competent to decide the question from evidence, and is not conclusively bound by the statement of the applicant. (*McCrory v. McCrory,* 36 N. W. Rep. [Wis.], 604.)

*G. T. Kelley, contra.*

NORVAL, J.

This action was commenced by plaintiff in error before A. C. Logan, Esq., a justice of the peace of Knox county, to recover the sum of $110 and interest on a promissory note. On the return day of the summons the defendant applied for a change of venue, on the ground that the justice was biased and prejudiced against him, and filed his own affidavit in support of the application. The justice decided that the defendant was entitled to a change of venue, and ordered that the cause be transferred to the docket of F. A. Warrick, Esq., the nearest justice, upon the payment by the defendant of the costs of transcript, taxed at $1.

The defendant excepted to said ruling, and refused to pay the fees for making the transcript. Afterwards, Justice Logan tried the case, and rendered judgment against the defendant for $111.30, and costs, to all of which defendant excepted. The cause was taken by Johnson to the district court by writ of error, the assignments of error being:

1. The court erred in directing that the cause be transferred to Justice Warrick, for the reason that said Warrick was objected to in plaintiff's affidavit for change of venue.

2. In not directing the cause to be sent to the nearest justice to whom the objections in the affidavit did not apply.

3. In rendering judgment against the defendant.

The district court reversed the judgment of the justice, and to reverse said judgment of the district court the cause was brought to this court.

The application for a change of venue was based upon the following affidavit:

"THE STATE OF NEBRASKA, }
      KNOX COUNTY.          } ss.

"ROBERT M. PEYTON ⎫
        v.            ⎬
   NILES JOHNSON.  ⎭

"Niles Johnson, being first duly sworn, upon his oath

says he verily believes that he cannot have a fair and impartial trial before A. C. Logan, justice of the peace, by reason of the bias and prejudice of the said justice; and F. A. Warrick, the nearest justice to whom said cause could be transferred, is, as affiant verily believes, biased and prejudiced against affiant, so that a fair and impartial hearing cannot be had before him.     NILES JOHNSON.

"Signed in my presence and sworn to before me this 26th day of June, 1890.     A. C. LOGAN,
                         "*Justice of the Peace.*"

The contention of plaintiff in error is that the above affidavit was insufficient to disqualify Warrick from trying the cause. If it was, the justice did not err in ordering the cause to be tried before Warrick; but if sufficient, the district court did not err in reversing the justice's judgment.

The motion to change the place of trial in this case was made under sections 958*a* and 958*b* of the Code, the same appearing in Cobbey's Consolidated Statutes as sections 5428 and 5429. These sections have more than once been construed by this court, and the precise question raised by this record has been decided adversely to the contention of plaintiff in error. Thus in *Re Garst*, 10 Neb., 78, it was held that when a proper affidavit is seasonably filed it is imperative on the justice to grant a change of venue, and the justice has no discretion in the premises. It was further ruled that the affiant may state in his affidavit for a change of venue any objections known to exist against the nearest justice to whom the cause could be transferred, and if he fail so to do before the same is changed, the objections would be waived; and that but one change can be made on the same ground in the same action.

Again, in *Osborn v. Shotwell*, 33 Neb., 348, the court, in construing said section, say: "These sections no doubt have been productive of much reckless swearing. In many cases where the oath is made and filed for a change of the place of trial, the justice must know that there is

no substantial ground for the oath, and yet he is required to make the change where the terms provided by law as to costs have been complied with. It is not for him to say whether or not he is biased, nor is it necessary to establish bias before a change can be ordered. All that is necessary is for the defendant, his agent or attorney, to make oath that the 'defendant cannot, as affiant verily believes, have a fair and impartial hearing in the case on account of the interest, bias, or prejudice of the justice,' and paying the costs now required of the defendant by section 958, the place of trial must be changed."

In *State, ex rel. Proctor, v. Cotton,* reported in the same volume of our reports at page 561, MAXWELL, J., after quoting sections 958*a* and 958*b*, observes: "Under the above sections of the Code it is the duty of the justice, upon the filing of the proper affidavit, to change the venue. The party moving for the change, however, cannot dictate to what justice the cause shall be transferred. He may, however, in his affidavit for a change, state any objections to the nearest justice that he may deem to be well founded."

There is no escaping the conclusion that these decisions are decisive of the case at bar. It is conceded, and there can be no doubt of it, that the application for changing the place of trial was made in due time and upon a sufficient affidavit to entitle the defendant to have the cause transferred from Justice Logan's court, as a matter of right. But it is claimed that the affidavit is not sufficient to establish the disqualification of Justice Warrick. It was settled by the cases to which reference has already been made, that objections to the nearest justice, to be available, must be made before the venue is changed. The statute provides, section 958*a*, that "thereupon the proceedings shall be transferred to the nearest justice of the peace, to whom the said objections do not apply, of the same county, to be proceeded with," etc.

"Said objections" refer to those mentioned in the prior portion of the section, namely, any interest, bias or prejudice of the justice as will prevent him from fairly and impartially hearing the case. How is such disqualification to be shown? Manifestly in the same manner as the objections to the justice before whom the case is pending are made to appear, by the applicant stating in his affidavit that he verily believes that he cannot have a fair and impartial hearing on account of the bias and prejudice of the nearest justice, naming him. The statute does not require that the facts or circumstances upon which he bases his belief shall be stated. If the facts were required to be set up, then it would follow that the justice before whom the objection is made would necessarily have to decide the question upon the evidence, and we would then have the spectacle of a justice, who was himself disqualified from trying the case by reason of his interest, bias, or prejudice, determining whether another justice was also disqalified from hearing the cause. We cannot believe that the legislature so intended. The allegation in the affidavit under consideration, as to the bias and prejudice of Justice Warrick, was just as conclusive on Justice Logan as was the averment of his own prejudice.

The case of *McCrory v. McCrory*, 36 N. W. Rep. [Wis.], 603, cited by counsel for plaintiff in error, is not in point. That case was decided upon a statute materially different from ours. It contained no provision similar to the one found in section 958a we have been considering, namely, "the proceedings shall be transferred to the nearest justice of the peace to whom the said objections do not apply."

The affidavit was sufficient, and the district court did not err in reversing the judgment of the justice. The judgment of the district court is therefore

AFFIRMED.

THE other judges concur.