BERTHA PAUL v. GOTTLIEB ZIEBELL.

FILED JANUARY 5, 1895.   No. 5213.

1. **Change of Venue:** AFFIDAVIT: JUSTICE OF THE PEACE. When a proper affidavit made by a defendant for a change of venue of a cause pending before a justice of the peace is seasonably filed, and the provisions of the statute as to the payment of costs have been complied with, it is mandatory upon the justice to whom the application is made to transfer the cause to the nearest justice of the peace of the county to whom the objections stated in the affidavit do not apply.

2. **Affidavit for Change of Venue.** The defendant may state in such affidavit for a change of the place of trial any objection which is deemed well founded, which would disqualify the next nearest, or any other justice in the county, from hearing the cause.

3. **Venue:** PROOF OF BIAS OF NEAREST JUSTICE. The plaintiff is not authorized to prove, by affidavit or otherwise, the interest, bias, or prejudice of such nearest justice of the peace in order to prevent the defendant from procuring a change of the place of trial.

ERROR from the district court of Madison county. Tried below before NORRIS, J.

*Wigton & Whitham,* for plaintiff in error, cited: Maxwell, Justice Practice, 126; *Hitchcock v. McKinster,* 21 Neb., 148; *In re Garst,* 10 Neb., 78; *Osborn v. Shotwell,*

33 Neb., 348; *Johnson v. Jones,* 2 Neb., 137; *Kepley v. Irwin,* 14 Neb., 300; *Rector Holy Trinity Church v. United States,* 12 Sup. Ct. Rep., 512.

*Mapes & Licey, contra:*

NORVAL, C. J.

This action was commenced by the plaintiff in error before H. G. Brueggemann, a justice of the peace in and for Norfolk precinct, Madison county, to recover the sum of $100.20. On the return day of the summons the defendant filed a motion for a change of venue to R. H. Maxwell, a justice of the peace for Battle Creek precinct, because of the bias and prejudice of Justice Brueggemann. The motion was accompanied by the following affidavit:

" THE STATE OF NEBRASKA, }
   MADISON COUNTY.          }

"Gottlieb Ziebell, being first duly sworn, says that he is the defendant above named; that he cannot, as he verily believes, have a fair and impartial hearing in this case before H. G. Brueggemann, justice of the peace in and for Norfolk precinct, Madison county, Nebraska, on account of the interest, bias, and prejudice of said justice. Affiant further says that he cannot have a fair and impartial trial in this case, as he verily believes, before Geo. N. Beels, justice of the peace in and for said precinct, on account of the bias, interest, and prejudice of said Justice Beels. Affiant further says that he cannot have a fair and impartial hearing in this case, as he verily believes, before E. C. Wormer, justice of the peace in and for Wormerville precinct, said county, on the ground that said justice is interested, biased, and prejudiced. Affiant says that he verily believes he cannot have a fair and impartial trial in this case before ———— ————, justice of the peace for Valley precinct, on account of the interest, bias, and prejudice of said justice in said case. Affiant further says that he verily

believes that he cannot have a fair and impartial trial in this case before Geo. Zimmerman, on account of the bias and prejudice of said Justice Zimmerman.

"GOTTLIEB ZIEBELL.

"Subscribed in my presence and sworn to before me this 17th day of May, 1890.      BURT MAPES,
"*Notary Public.*"

The plaintiff, before the ruling on said motion was made, objected to the venue being changed to Justice Maxwell, for the reason that a fair and impartial trial of the cause could not be had on account of the interest, bias, and prejudice of said Maxwell, as shown by the affidavit of George L. Whitham. Thereupon Justice Brueggemann entered upon his docket an order transferring the cause to Justice Maxwell, and an exception was taken to the ruling. Before the last named justice the plaintiff made affidavit that she believed a fair and impartial trial could not be had before Mr. Maxwell on account of the interest, bias, and prejudice of said justice, and asked that the cause be remanded to the justice granting the change of venue, which motion was denied, and the plaintiff took an exception. The cause was thereupon tried to a jury, with a verdict and judgment in favor of the defendant. Error was prosecuted by the plaintiff to the district court to reverse the two rulings mentioned above, where the same were affirmed.

It is contended that Justice Brueggemann erred in granting a change of venue over the objections of the plaintiff. Section 958a of the Code of Civil Procedure provides: "That in all civil and criminal proceedings before justices of the peace, any defendant in such proceedings may apply for, and obtain, a change of venue, by filing an affidavit in the case made by the defendant, his agent or attorney, stating that the defendant cannot, as affiant verily believes, have a fair and impartial hearing in the case on account of the interest, bias, or prejudice of the justice, and by paying the costs now required to be paid by defendant on change

Paul v. Ziebell.

of venue, for the causes and in the cases mentioned in chapter four of title thirty, part two of the revised statutes, and thereupon the proceedings shall be transferred to the nearest justice of the peace to whom the said objections do not apply, of the same county, to be proceeded with in the manner pointed out for the transfer and procedure in cases on change of venue for the cause mentioned in said chapter four." Section 9585b declares: "The application shall be made before entering upon the merits of the case by the introduction and reception of evidence, and no second change of venue shall be allowed for the same cause in the same proceeding." These sections provide for the defendant's obtaining a change of venue in a cause pending in a justice court, as well as for prescribing the showing necessary to be made in order to procure such change. It has been more than once held by this court, in construing the foregoing sections, that, when an affidavit in the language of the statute is filed in proper time, it is the duty of the justice to change the venue to the nearest justice of the county to whom the objections stated in the affidavit do not apply, provided the provisions of the law relating to the payment of costs have been complied with. The justice to whom the application is made has no discretion in the premises. (*In re Garst*, 10 Neb., 78; *Osborn v. Shotwell*, 33 Neb., 348; *State v. Cotton*, 33 Neb., 561; *Peyton v. Johnson*, 37 Neb., 886.) It is equally as well settled by these decisions that, although the defendant has no right to name the justice to whom the cause shall be transferred, yet it is proper to state in his affidavit for a change any objections, which are deemed well founded, to the justice next nearest to the one before whom the action is pending, and which would disqualify such nearest justice from hearing the cause. It logically follows from this that it is proper to state in the affidavit made for the purpose of procuring a change of the place of trial any real or substantial grounds existing which would prevent any justice in the county from

giving the defendant a fair and impartial trial in the cause. If he fail so to do, the objection is waived. (*In re Garst, supra.*) This is obvious from the fact that the statute allows but one change of venue for the same cause, and that it requires, when such change is made, that it shall be "to the nearest justice of the peace, to whom said objections do not apply, in the same county."

It is argued that the court erred in transferring the cause to Justice Maxwell's court, since the plaintiff had filed an affidavit to the effect that she could not have an impartial hearing in the cause before him on account of his bias and prejudice. This contention is not tenable. Under sections of the statute above quoted a change of venue can be had only on the application of the defendant. The plaintiff is not entitled to such a change on account of the interest, bias, or prejudice of the justice, but can obtain a change of the place of trial alone under and for the cause stated, and in the mode pointed out, in sections 954, 955, 957, and 958 of the Code, which read as follows:

"Sec. 954. The place of trial may be changed if, on the return of process, or at any time before trial shall have commenced, it shall be made satisfactorily to appear to the justice of the peace before whom any cause is instituted, or is pending for trial, by the affidavit of either of the parties in the case, that such justice is a material witness for either party, or if a jury be demanded by the adverse party, then that he cannot, as he verily believes, have a fair and impartial trial in the precinct or place for which said justice may have been elected, on account of the bias or prejudice of the citizens thereof.

"Sec. 955. If the place of trial be changed on account of the justice being a material witness in the cause, such cause may be transferred for trial before some other justice of the peace in the same precinct. If the place of trial be changed on account of the bias or prejudice of the

citizens of such precinct or place, the case shall be taken to some justice in an adjoining precinct in the same county.

"Sec. 957. Before any such change shall be allowed, the costs, as specified in the next following section, shall be paid by the party applying for such change.

"Sec. 958. When such change is at the instance of the plaintiff, he shall be taxed with all the costs which have accrued and which shall accrue in the cause, until such transcript and papers shall be delivered to the justice to whom such cause is removed for trial; and when on the application of the defendant, he shall be taxed for the costs which have accrued for issuing subpœnas for witnesses and service thereof, witness fees, and costs of the justice for transferring the cause to the docket of the other justice."

There is no provision of the statute which authorizes or allows the plaintiff to urge that a justice of the peace is interested, biased, or prejudiced as grounds why he should not hear and determine the cause. The defendant alone can interpose such objections, and when he has done so in the mode pointed out by statute, it is mandatory upon the justice before whom the action is pending to grant the change to the nearest justice in the county to whom no objection of interest, bias, or prejudice has been averred in the defendant's affidavit. If the plaintiff can urge the objection that the justice nearest to the one to whom the application for change of the place of trial is made is interested, or is biased or prejudiced against him, then, unless restrained by his conscience, he may make the same objection to each of the other justices in the county, and the defendant would be required to submit to a trial of the cause in the forum chosen by the plaintiff. To so construe the statute would, in many causes, prevent the defendant from procuring a change of venue for the grounds stated in section 958a of the code. We are constrained to hold that the objections urged by the plaintiff against Justice Maxwell were insufficient to prevent the transfer of the cause

to him, and that the justice did not err in refusing to remand the cause to justice Brueggemann. The judgment of the district court is therefore

AFFIRMED.