ALFRED R. MOSS V. A. LINDSEY (REAL FIRST NAME UN-
KNOWN).

FILED NOVEMBER 20, 1901.   No. 10,615.

Taxation of Costs by Justice on Change of Venue Absolute. The taxation of costs by a justice of the peace on sustaining a motion for a change of venue is not provisional merely, but fixed and absolute.

ERROR from the district court for Thayer county. Tried below before HASTINGS, J. *Reversed.*

*W. H. Barnes,* for plaintiff in error.

*Heasty & Clapp, contra.*

SULLIVAN, J.

This proceeding in error grows out of an action to recover damages brought by Moss against Lindsey before one of the justices of the peace for Thayer county. The defendant in due time moved for a change of venue on the

ground that he could not, as he verily believed, have a fair and impartial trial on account of the bias and prejudice of the justice.  He also paid the costs properly chargeable to him as a condition of having his -motion sustained, and thereupon the venue was changed.  The justice to whom the cause was transferred gave judgment against the plaintiff and taxed him with all the costs that had accrued before as well as after the change of venue. The district court having approved this decision, the judgment is brought here for review.

It is conceded that the action was properly dismissed, but it is contended that the defendant is not entitled to recover the costs paid by him in order to obtain a change of venue.  This contention, we are persuaded, is based upon sound reason, and should be sustained.  Unless otherwise provided by statute, a successful party in an action before a justice of the peace to recover money only is, by virtue of section 622 of the Code of Civil Procedure, entitled to recover his costs.  The defendant in this case was successful.  He had judgment in his favor.  But he was not entitled to have all his costs taxed against the plaintiff, because the statute which gives the right to a change of venue in an action pending before a justice of the peace otherwise provides.  By the terms of this statute the place of trial may, upon the payment of certain costs, be changed in any case under the following circumstances: (1) When the justice before whom the action was commenced or is pending for trial is shown by affidavit to be a material witness for either party; (2) whenever one of the parties shall demand a jury and the other shall file an affidavit stating that he can not, as he verily believes, have a fair and impartial trial in the precinct or place for which the justice was elected, on account of the bias or prejudice of the citizens thereof (Code of Civil Procedure, sec. 954) ; and (3) whenever there shall be filed, by the defendant, or in his behalf, an affidavit stating that he can not, as the affiant verily believes, have a fair and impartial trial on account of the interest, bias or preju-

dice of the justice having cognizance of the cause. Code of Civil Procedure, sec. 958$a$. The section of the statute providing for the taxation and payment of costs is as follows: "When such change is at the instance of the plaintiff, he shall be taxed with all the costs which have accrued and which shall accrue in the cause, until such transcript and papers shall be delivered to the justice to whom such cause is removed for trial; and when on the application of the defendant, he shall be taxed for the costs which have accrued for issuing subpœnas for witnesses and service thereof, witness fees, and costs of the justice for transferring the cause to the docket of the other justice." Code of Civil Procedure, sec. 958. It will be observed that this section provides that the costs which the party obtaining the change of venue is required to pay shall be taxed against him. We understand this to mean that they shall be charged or assessed by the justice, and that such charge or assessment is not to be provisional merely, but fixed and absolute. There is, assuredly, no express authority for a retaxation of these costs, and, in our judgment, none exists by fair legal construction. It is but just and right that a party who obtains a change of venue should bear the expense occasioned thereby. It is, it seems to us, highly improbable that the legislature intended to permit a litigant to increase the burdens of a luckless adversary by swearing that he believes he can not have a fair trial where the cause is pending. Too frequently the belief which is alleged as a reason for demanding a change of venue is in truth nothing more than a groundless suspicion, which should be made the basis of judicial action only at the expense of the party by whom it is entertained. If a change of venue were to cost nothing but the making of an affidavit as to his mental state, the litigant afflicted with an hepatic disorder would soon become a vexatious factor in the administration of justice.

Another consideration influencing our decision is this: A construction of the statute which would permit a party

to recover costs paid by him when the place of trial was changed would also enable him to recover costs which he had recklessly made after having determined to have the cause transferred to another justice.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.