HARRY SEAY ET AL. V. CHARLES E. SHRADER, SHERIFF OF OTOE COUNTY.

FILED JUNE 3, 1903. No. 12,896.

1. **Criminal Law: COMPLAINT: VENUE.** In a criminal prosecution the office of the venue in a complaint is to name the place where the alleged offense was committed, and to show that the court before whom the information is laid, has jurisdiction to proceed. It is not an error fatal to the jurisdiction of the court to recite these matters in the English language, and no particular form of words is indispensably requisite for that purpose.

2. ——: DISQUALIFICATION OF POLICE JUDGE: APPOINTMENT OF JUSTICE OF THE PEACE. When, in a criminal prosecution before a police judge in a city of the first class, governed by chapter 18 of the laws of 1901, it is shown that the judge is disqualified to act by reason of interest, bias or prejudice, it is not erroneous for the mayor to appoint a justice of the peace of the city to act in place of the judge, as provided by section 117 of that chapter.

3. **Playing Baseball on Sunday.** Playing at the game of baseball in this state on Sunday is forbidden by the statute. *State v. O'Rourk*, 35 Neb. 614, reaffirmed.

ERROR to the district court for Otoe county: PAUL JESSEN, DISTRICT JUDGE. *Affirmed.*

*Alvin T. Timblin* and *Clinton P. Logan*, for plaintiffs in error.

*W. W. Wilson, D. W. Livingston* and *Andrew G. Wolfenbarger*, contra.

AMES, C.

In July, 1902, one William H. Hill, who was at that time

police judge of Nebraska City in this state, issued a criminal warrant upon which the plaintiffs in error, Seay and Meyers, were taken into custody by the sheriff of the county. The following is a copy of the complaint sworn to and filed before the judge and pursuant to which the warrant was issued:

"Before William H. Hill, Police Judge in and for Nebraska City, Otoe County, Nebraska.

| "THE STATE OF NEBRASKA<br>vs.<br>RALPH GLAZIER, FRANK MAYES, HARRY SEAY, LAUD A. MILLER, GUST KURTH, FRED GUY, FRANK HAMER, EDWARD DELAY, and BEN MEYERS, Defendants. | Complaint for Unlawful Sporting and Unlawfully Playing Baseball on Sunday." |

"The complaint and information of Charles M. Shepherd, of the county aforesaid, made in the name of the State of Nebraska, before me, William H. Hill, police judge, in and for Nebraska City, Otoe county, Nebraska, this 14th day of July, A. D. 1902, who being duly sworn on his oath, says that Ralph Glazier, Frank Mays, Harry Seay, Laud A. Miller, Gust Kurth, Fred Guy, Frank Hamer, Edward Delay, and Ben Meyers, late of said county, each of said persons being of the age of fourteen years and upwards, on the 13th day of July, A. D. 1902, said day being the first day of the week commonly called "Sunday," in the county aforesaid, then and there being, were and each of them was then and there found unlawfully sporting and unlawfully engaged in the game commonly called "baseball," contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Nebraska.

"CHARLES M. SHEPHERD.

"Subscribed in my presence and sworn to before me this 14th day of July, A. D. 1902.

"WM. H. HILL, *Police Judge.*"

Upon the arrest of the parties and the return of the warrant, the defendants therein filed applications for a change of venue to the nearest justice of the peace, upon the ground that they could not obtain a fair and impartial hearing before the judge on account of his interest, bias and prejudice.  A change of venue was not granted, but due notification of the application therefor having been made to the mayor of the city, that official appointed one H. G. Leigh, a justice of the peace within said city, to act as police judge in the conduct of subsequent proceedings under the warrant.  Thereafter such proceedings were had before the said justice that the defendants were required to and did enter into recognizances with sureties for their appearance at the next term of the district court for the county, to answer to the charge named in the complaint. Later, the sureties surrendered Seay and Meyers to the sheriff and they obtained from the district judge of the county a writ of *habeas corpus* by means of which to inquire into the legality of their detention.  A return was made to the.writ disclosing, in substance, the foregoing facts, and thereupon on the 5th day of August, 1902, the applicants were remanded to the custody of the sheriff where, so far as the record discloses, they still remain.

This proceeding is a petition in error to review the judgment of the district judge.  But three grounds for its reversal are urged upon our attention. *First,* it is contended that the complaint was insufficient to confer jurisdiction upon the police judge to cause the arrest, because of the absence of a venue.  That is, as we understand counsel, because the charging part of the document is not preceded by the words: State of Nebraska, Otoe County, ss.  We think this objection is not well taken.  There is no peculiar virtue in the cabalistic characters "SS," which are presumed to have been anciently symbolical of something, but nobody knows precisely what.  The complaint appears upon its face to have been sworn to before a peace officer of Otoe county, whom it explicitly informs of the commission, by the persons therein named, of an alleged criminal

act within that county. This is the sole purpose of a venue, and we think it may as well be expressed in "ordinary and concise" English, as in a supposed abbreviation of long disused and perhaps not strictly correct Latin.

*Second,* it is urged that not the police judge, only, but the police court, lost jurisdiction of the case upon the filing of the application for a change of venue, and that the subsequent proceedings by the justice, as acting police judge, were *coram non judice* and void. The course adopted seems, however, to have been in strict compliance with the statute governing the city and, there being no express provision of law for obtaining a change of venue from a police judge, it may well be doubted if, under the authority of *McCarthy v. State,* 10 Neb. 438, any other procedure could have been followed. Besides this, it is not disputed that Leigh was a duly qualified and acting justice of the peace, free from disqualification and with ample jurisdiction to entertain the complaint and require the defendants to enter into recognizances.

*Third,* finally it is contended that playing at baseball is not "sporting" within the meaning of our statute concerning the observance of Sunday, and is therefore not prohibited thereby. This question we regard as foreclosed by the decision of this court in *State v. O'Rourk,* 35 Neb. 614, and we are not disposed to reopen its discussion. The regulation is one exclusively within legislative discretion. Since that decision was rendered the legislature has been in regular session no less than six times. It is fair to presume that if the law as there announced had been offensive to public sentiment, or the interpretation there put upon it had been generally regarded as erroneous, it would long since have been changed.

We recommend that the judgment of the district court be affirmed.

HASTINGS and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.