268 U.S. 390 (1925)
UNITED STATES EX REL. RUTZ
v.
LEVY, U.S. MARSHAL.
UNITED STATES EX REL. FAUNTLEROY
v.
LEVY, U.S. MARSHAL.
UNITED STATES EX REL. STENECK
v.
LEVY, U.S. MARSHAL.
UNITED STATES EX REL. WANNER
v.
LEVY, U.S. MARSHAL.
Nos. 935, 936, 937, 938.
Supreme Court of United States.
Submitted April 13, 1925.
Decided May 25, 1925.
APPEALS FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.
Messrs. Herbert Pope, Frank E. Harkness and Benjamin M. Price, for appellants.
The Solicitor General for the United States.
*392 MR. JUSTICE SUTHERLAND delivered the opinion of the Court.
The appellants in these several appeals were indicted in the Federal District Court for the Northern District of Ohio, along with other persons and a number of corporations, *393 for a violation of the Sherman Act. Proceedings were brought under § 1014 R.S. before a United States commissioner to remove them from Illinois to the trial district in Ohio. After a hearing the commissioner ordered their discharge for want of probable cause. Subsequently, similar proceedings were instituted before a federal district judge of the Illinois district, and appellants were taken into custody by the United States marshal upon a warrant issued by the district judge. Thereupon, in advance of a hearing, they sued out writs of habeas corpus in the court below seeking to be discharged upon the ground that the proceedings before the district judge were without authority of law and in violation of their constitutional and statutory rights. The specific ground relied upon was that their discharge by the commissioner for want of probable cause after a hearing was an adjudication upon that question and a bar to a second proceeding. The court below held otherwise and entered orders quashing the writs. 3 Fed. Rep. (2d) 816. The Government has moved this Court to dismiss the appeals or affirm the judgments for lack of substance and on the ground that the appeals were taken solely for delay. The motion to affirm must be sustained.
Under state law it has uniformly been held that the discharge of an accused person upon a preliminary examination for want of probable cause constitutes no bar to a subsequent preliminary examination before another magistrate. Such an examination is not a trial in any sense and does not operate to put the defendant in jeopardy. Marston v. Jenness, 11 N.H. 156, 161-162; Nicholson v. The State, ex rel. Collins, 72 Ala. 176, 178; Ex parte Crawlin, 92 Ala. 101; Ex parte Fenton, 77 Cal. 183; State v. Jones, 16 Kan. 608, 610; In re Garst, 10 Neb. 78, 81; In re Oxley and Mulvaney, 38 Nev. 379, 383. The same rule applies in extradition proceedings. In re Kelly, 26 Fed. Rep. 852; Collins v. Loisel, 262 U.S. 426, *394 429. "The functions of the commissioner and the court in removal proceedings under § 1014 are of like character and exercised with like effect." Morse v. United States, 267 U.S. 80. The utmost that can be said is that the decision of a commissioner favorable to the accused is persuasive and may be sufficient to justify like action upon a second application; but it is not controlling. Undoubtedly, care should be exercised by the magistrate to whom a subsequent application for removal is made to see that the accused is not oppressed by repeated and unwarranted petitions for removal. United States v. Haas, 167 Fed. Rep. 211, 212; and see, generally, Salinger v. Loisel, 265 U.S. 224, 230-232. There is nothing to suggest that the judge to whom the second application was made here will fail in that respect.
Judgments affirmed.