J. J. JOHNSON, APPELLANT, V. MARTIN MAYS, APPELLEE.

FILED FEBRUARY 17, 1933. No. 28317.

*J. E. Wilson,* for appellant.

*H. A. Bryant, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PAINE, J.

An appeal is brought to this court from the sustaining of a special appearance. Suit was brought in the county court of Saunders county by plaintiff and appellant upon a promissory note for $82.90 against the defendant and appellee. On the return day of the summons, the defendant appeared before the county judge and took a change of venue to the justice court of W. J. Lehr. The case was adjourned several times before this justice, and upon June 13, 1931, which date had been agreed upon by both parties for trial, the defendant filed a special appearance and objected to the jurisdiction of the court over the subject-matter, upon the ground that the transcript had not been filed in justice court within one day after the return of the summons, nor was the trial set within the time provided by law. This special appearance was overruled by the justice, and the case was tried to a jury, and a verdict was rendered for plaintiff for $41.45 and costs. The dates involved in the case are as follows: The return day of the summons in the county

court was April 20, 1931, upon which day the defendant took a change of venue to the justice court. Upon April 24, 1931, the county judge certified to all of the original papers and transcript of proceedings, and upon the same day the justice set the trial for May 30, 1931, and, this being a legal holiday, the transcript shows that the cause was continued to a date to be agreed upon by all parties. The transcript shows: "June 13, 1931, 10 o'clock a. m. Now at this time the cause came on to be heard, the same having been agreed upon by all parties."

Upon the case being taken to the district court, the defendant again filed a special appearance, setting out the facts as above stated, and that the justice to whose court the case was taken failed to set said cause for trial within two days after the trial date as originally fixed, and setting up that, by reason of the failure of the county judge to deliver or transcript said papers and proceedings to the justice of the peace within the time provided by law, the justice court was without jurisdiction over the subject-matter of the action, and that the district court is also without jurisdiction to hear and determine the cause, and that the objection to the jurisdiction of the lower court over the subject-matter, which was raised therein, was renewed in the district court, which special appearance was sustained in the district court upon January 5, 1932, whereupon the plaintiff and appellant gave cost bond of $75 and brought his appeal to this court.

In this case it appears that the defendant assumed that the provisions of section 21-603, Comp. St. 1929, were sufficient authority for him to secure a change of venue to a justice court from the county court, and he has briefed the case on the theory that, if the suit was brought in a county court and was within the jurisdiction of a justice of the peace, this section of the statute gave him the absolute right to obtain a change of venue. *Tyler v. Baxter,* 29 Neb. 688; *Paul v. Ziebell,* 43 Neb. 424; *Moss v. Lindsey,* 62 Neb. 829.

While neither party has cited us to the case, and while it is not given in the annotations under this section in the statute, there appears to be one case in Nebraska directly in point, which is the case of *McCarthy v. State*, 10 Neb. 438, in which Chief Justice Maxwell held that, as justices of the peace were specially designated in this act, therefore these provisions, in the opinion of the majority court, apply only to causes pending before a justice of the peace, and do not apply to county courts, although he hesitated to give his full assent to that construction of the statute. This decision has never been overruled, and has never been cited but once, which was in the case of *Seay v. Shrader*, 69 Neb. 245, so that this precedent appears to be in full force and effect.

We are, therefore, faced with the proposition that, with no right to do it under the decision of this court, the defendant took this case to the justice court, and we must credit the defendant's act with good faith; but his action was unauthorized. The defendant thereby made the justice his agent in a way, and attempted to authorize him to do an act which was not legal. It appears that, in endeavoring to perfect this appeal, his transcript was not marked filed, by the justice to which he transferred it, within the time provided by law, yet we must attribute to him good intentions, and not attribute to him a desire to take the case from the proper jurisdiction of the county court, and then, by taking advantage of a technicality, have it out of the justice court, as that would tend to show bad faith on his part.

In *Reed v. Mott*, 2 Neb. (Unof.) 450, it was held that, if a party had agreed to all of the continuances, and voluntarily took part in all of the proceedings up to the time of final judgment, he had waived the error, if any, committed by the justice in overruling his objection to the jurisdiction of the court. Many other irregularities also took place in this case.

In *Huff v. Babbott*, 14 Neb. 150, a judgment which was not rendered by a justice immediately upon the re-

ceipt of the verdict was upheld on the theory that too narrow a construction of the statute should not be given.

In the case of *Fischer v. Cooley,* 36 Neb. 626, it was held that the justice had jurisdiction of the subject-matter and over the person of the defendant, and this was not lost by several continuances which carried it over the 90-day period, since they were granted upon his procurement or with his consent. To permit defendant to take advantage of the error or irregularity in adjournment would be to allow him to reap a benefit from his own acts.

It appears that adjournments were had several times in this justice court, and both parties appeared in court upon June 13, 1931, it being the day upon which they had agreed to try the case, and then the defendant filed his special appearance, objecting to the jurisdiction of the court over the "subject-matter" of the action for the reason that said action had not been transferred to that justice court, within the time provided by law, nor was it about to be tried within the time provided by law.

It will be noted that in this special appearance he made no mention of objecting to the jurisdiction of the court over his person, but only the subject-matter, and, therefore, this court will hold that, under the circumstances, the justice court had jurisdiction over his person and over the subject-matter, and that the justice was right in overruling the special appearance, as the defendant had made a general appearance by agreeing to trial upon that day. The judgment of the district court is reversed and the cause remanded for further proceedings in accordance herewith.

REVERSED.