THE STATE OF KANSAS, *ex rel. S. B. Bradford, Attorney General,* v. THE NATIONAL ASSOCIATION OF THE FARMERS' AND MECHANICS' MUTUAL AID ASSOCIATION.

1. MUTUAL LIFE INSURANCE; *Corporation, Subject to Supervision by the State.* The declared purpose of the defendant corporation is the promotion of charity, as well as the social and moral advancement of its members, who are classified as social and beneficiary members. The expenses of the association are paid, and a charity and beneficiary fund is created, from membership fees, contributions and assessments; but the social members are not required to pay assessments, or to contribute to the charity and beneficiary fund, and are not entitled to any benefit therefrom. The main object of the association is to enter into contracts with its beneficiary members, by which the member agrees to comply with the rules of the association, to pay a membership fee of ten dollars, and an assessment of one dollar upon the death or permanent disability of any other beneficiary member of the section to which he belongs; in consideration of which, the association agrees that upon the death or permanent disability of such member, it will levy an assessment upon the other beneficiary members, and that seventy-five per cent. of the amount collected upon such assessment shall be paid to the beneficiary named in the certificate of such member, provided it does not exceed the sum agreed upon and stated in the certificate. *Held,* That the business done between the defendant and its beneficiary members is that of mutual life insurance on the assessment plan, and that the defendant is subject to the supervision of the superintendent of insurance, and to the provisions of chapter 131 of the Laws of 1885.

2. ———— *Excepted Associations.* That provision of the act providing for the organization and control of mutual life insurance associations which excepts from its operation an association "under the supervision of a grand or supreme lodge," refers only to secret associations, such as Freemasons, Odd Fellows, and the like.

*Original Proceedings in Quo Warranto.*

ACTION brought in this court, August 21, 1885, by the attorney general in the name of *The State,* against *The Association* above named, to test the right of the defendant corporation to do business in this state without first complying with the insurance laws thereof regulating mutual life insurance companies on the assessment plan, and to oust the de-

fendant from such privilege, if the issue be found in favor of *The State.* The opinion, filed March 5, 1886, sufficiently states the case.

*S. B. Bradford,* attorney general, for The State; *Edwin A. Austin,* of counsel.

*S. R. Peters,* for defendant.

The opinion of the court was delivered by

JOHNSTON, J.: The state, on the relation of the attorney general, brings this action against "The National Association of Farmers' and Mechanics' Mutual Aid Association," charging that it is engaged in transacting a life-insurance business upon the assessment plan within this state, without having authority or without having complied with the laws of the state respecting the business of life insurance, and praying that the defendant be ousted from the exercise of the franchise of transacting a mutual life insurance on the assessment plan in the state of Kansas, and from the right to enter into and issue contracts, certificates, and policies, substantially amounting to mutual life insurance on the assessment plan in the state of Kansas. The case was tried upon an agreed statement of facts, from which it appears that the defendant is a corporation organized under the laws of Missouri, which operates through state and local societies, and is composed of its charter members, officers, presidents of the state associations, and the representatives or delegates from the local societies. The local societies are composed of persons over eighteen years of age, classified as social members and beneficiary members. One of the declared objects of the corporation is—

"To promote benevolence and charity by establishing a charity fund for the temporary relief of indigent and suffering members and their families, and to provide for the relief and aid of the families of its members, and other dependents of their deceased members, and for assisting such of its members who may be sick or disabled, from the proceeds of the assessments upon its members."

By its charter it is given power—

"To issue certificates of membership to their members, defining their rights, privileges, duties and liabilities; to create, receive, hold and disburse the funds necessary to accomplish the object of the association, and for its own sustenance and support, including the receipt of membership fees, assessments, and voluntary contributions from the members; the provision for benefits, as named in the certificate of membership, to the sick or disabled members, or to widows, orphans, or dependents of deceased members."

Any person living within the jurisdiction of a local aid society, who is of temperate habits and good moral character, and who may be socially acceptable to its members, may be admitted as a social member; but social members are not required to pay assessments, or to contribute to the charity or beneficiary fund, and are not entitled to any benefit therefrom. Any person between eighteen and fifty-five years of age, who has been admitted as a social member, and whose physical condition comes within the rules of the association, is eligible to a beneficiary membership. In the application for such membership he is required to answer the usual questions propounded by life insurance companies regarding his physical history and health. Following the questions the application contains a proposition from the applicant to the association in these words:

"*To the National Association of the Farmers' and Mechanics' Mutual Aid Association:* I, ——, a member of —— local aid society from ——, do hereby make application for a beneficial · certificate of membership in the F. & M. M. A. Ass'n, and agree to accept and obey the rules and regulations of the association, as the express condition upon which I shall be entitled to the benefits and advantages of the membership, and to a mortuary benefit in case of my death while a member, limited to —— dollars. I certify that the answers made by me to the questions which are attached to this application and form a part thereof, are true to the best of my knowledge and belief, and if any material statement made in this application, and upon the faith of which my beneficial certificate will be issued, shall be found in any respect untrue, then it is herein agreed, upon my part, that my certificate shall be null

and void; and it is further agreed that my membership in, and liability to, the association, and its liability to me, under the terms of my beneficial certificate, shall begin upon the approval of this application by the medical director. My beneficial certificate shall bear that date, and continue in force as long as I conform to the rules and requirements of the association; but upon my failure to pay an assessment, as required by the rules of the association, my membership shall be forfeited, and all liability of the association to me, and my liability to it, shall cease." [Signed, etc.]

The applicant is required to submit to a medical examination by a physician designated by the local society, and such examination must be approved by the medical director of the national association before the applicant will be admitted as a beneficiary member. He is also required to pay a membership fee of ten dollars, which must accompany the application. If the application is accepted by the association, it issues a certificate reciting that in consideration of the representations and agreements made in the application, as well as the payment of the membership fee, and also the agreement of the applicant to accept and obey the rules and regulations of the association, and to pay the assessment of one dollar when required for the purpose of paying the benefit, as provided in the certificate issued to beneficiary members, he is constituted and declared to be a beneficiary member of the association, and as such, entitled to all the privileges, benefits and advantages prescribed by the rules and regulations for beneficiary members, and to a mortuary benefit in case of death while a member in such sum as will equal seventy-five cents for each dollar received from the assessment made for that purpose, and not to exceed two thousand dollars. The association further agrees to levy an assessment of one dollar each upon all of the beneficiary members of the association in good standing in the section to which the applicant is assigned, and when collected, to pay the benefit to the beneficiary named in the certificate, upon due notice and proof of the death or permanent disability of the member named therein.

The avowed objects of the defendant corporation, its relations

with its beneficiary members, and its methods of transacting business, as disclosed by the foregoing statement of facts, clearly show that it has all the characteristics of a mutual insurance company doing business on the assessment plan. It is true that it has a social department, and that in organizing and maintaining local societies composed alone of social members, it is not open to the charge made by the state. It is not the purpose of the state to interfere with the social features of the association, but if it does business in the state substantially amounting to insurance, the mere connection of a social department will not exempt it from the operation of the insurance law, or free it from the supervision of the superintendent of insurance. The social membership, however, appears to be little else than a preliminary step to admission into the class of beneficiary membership, and it is against the business done between the association and the latter class, of which the plaintiff complains. That the contract between the association and its beneficiary members is one of insurance, cannot be doubted. Upon the part of the member is an agreement to pay a membership fee of ten dollars when admitted, and an assessment of one dollar upon the death or permanent disability of any other member of the section to which he is assigned. In consideration of these agreements, the association, in turn, agrees that upon his death or permanent disability, it will levy an assessment upon the other and surviving members and create a mortuary fund, and seventy-five per cent. of the amount so collected shall be paid to the beneficiary named in the certificate of such member, providing it does not exceed the amount of the benefit mentioned in the contract. Thus it will be seen that they stand toward each other in the relation of insured and insurer, and that the business transacted between them is that of coöperative or mutual insurance, and falls clearly within the decision of this court in the case of *The State, ex rel., v. Insurance Co.*, 30 Kas. 585.

1. Insurance corporation subject to supervision by the state.

It is admitted by the defendant corporation that it has not complied with the requirements of chapter 131 of the Laws of

1885—the statute regulating the organization and control of mutual life insurance associations. It is claimed, however, that the association comes within the exceptions named in § 30 of that act. It reads as follows:

"This act shall apply to all associations or corporations now or hereafter organized in this state, or admitted into this state, to transact any life or accident business on the assessment plan: *Provided*, This act shall not apply to any association of religious or secret societies now existing or under the supervision of a grand or supreme lodge, nor to any class of mechanics, express, telegraph or railroad employés formed for the mutual benefit of the members thereof and their families, exclusively."

It is not contended that the association falls within any of the classes last mentioned in the proviso, but it is claimed that it comes within the exceptions first mentioned therein. The claim cannot be sustained. It is not an association of, or made up from, religious or secret societies that were in existence when the law was enacted. There is no pretense that it is a religious society, and although it is claimed to be a secret society, nothing brought up in the record indicates that there is any secresy in the purposes of the association, or in the manner of accomplishing the same. No part of the business done, or of the exercises engaged in, is concealed from the public, and it does not appear that there are any ceremonies, grips, signs, or passwords, such as are peculiar to secret societies. It is further contended that the defendant falls within the other branch of the proviso, viz.: That it is an association under the supervision of a grand or supreme lodge. Counsel says that because the national association holds annual meetings at which the local societies have the right to be represented, and that in these conventions the national association legislates and transacts business for the entire membership, and prescribes rules for the government of the local societies, it comes within the exception of the statute, and must be regarded as a grand or supreme lodge. This interpretation is inadmissible. The

2. Association, not excepted. legislature must be held to have used the words "grand or supreme lodge" in their ordinary and popular sense, and so used, they apply only to secret organi-

zations or supreme bodies constituted from and having juris-
diction over secret societies.    The word "lodge," used in the
connection that it is here, is defined by Webster to be "a secret
association, as of the Freemasons, Odd Fellows, and the like."
There is nothing in the act showing that any different or
broader signification of these words was intended by the
legislature; and as the defendant is not a secret organization,
or composed of secret societies, it is therefore not an associa-
tion "under the supervision of a grand or supreme lodge."

Some argument is made that the act is invalid, so far as it
attempts to interfere with the right of the defendant corpora-
tion to organize its local societies in this state, but we find no
reason in it, or in the cases cited by counsel, to create a doubt
respecting the validity of the statute.    The defendant is a
corporation organized under the laws of Missouri, and has no
inherent right to recognition or to transact business within the
limits of this state.  It can only come and transact business here
upon such conditions as the legislature may prescribe, (*Phœnix
Ins. Co. v. Welch, Supt.*, 29 Kas. 672,) and it needs no argument
to show the right of the state to regulate the business of in-
surance within its limits, which is done by companies organized
either within or without the state.

Judgment will be rendered in favor of the state, and in ac-
cordance with the prayer of the petition.

All the Justices concurring.