CASE 3—MANDAMUS—MARCH 23.

# Byram's Ex'rs v. Holliday, County Judge.

APPEAL FROM NICHOLAS CIRCUIT COURT.

1. THE COUNTY JUDGE CAN NOT BE COMPELLED TO VACATE THE BENCH by the affidavit of a litigant, but the judge may decline to act when he "can not properly preside;" and it is for him to determine, in the exercise of a sound judicial discretion, whether, by reason of kinship, interest or prejudice, it would be improper for him to hear the case.

   In this case a party contesting the probate of a will filed an affidavit to the effect that the county judge would not give him a fair and impartial trial. The judge thereupon declined to try the case, or to entertain a motion for a change of venue. A justice of the peace then took his seat on the bench, and an affidavit was filed as to him also. Thereupon the county judge was again asked to preside, and having refused, the propounders asked for a mandamus to compel him to hear the case, or entertain the motion for a change of venue. He responded that he declined to preside because he believed, as he now believes, "he could not properly preside in the case," because of trouble between him and the contestant, growing out of his judicial action. *Held*—That he was justified in declining to entertain any motion affecting the rights of the parties.

2. THERE CAN BE NO CHANGE OF VENUE in cases for the probate of wills in the county court. When the county judge declines to act for proper reasons, it is the duty of the county clerk to notify the justice residing nearest the court-house, and if he can not act, then the next nearest justice. The justice presiding for the time being becomes, as to the case before him, the acting county judge, and neither litigant can, by his affidavit, compel him to vacate the bench.

WM. LINDSAY FOR APPELLANTS.

1. The county court having the sole jurisdiction in the matter of the probate of wills, there can be no change of venue from that court in such cases. (General Statutes, chapter 113, sections 26 and 28; Civil Code, section 64.)

2. There is no statute authorizing a county judge to be sworn off the bench. (General Statutes, chapter 28, article 7, section 1; *Ibid.*, article 2, section 1; Act of January 12, 1876, Bullitt & Feland's Statutes, page 905.)

3. The county judge may decline to sit in cases "in which he can not properly preside;" but mere personal animosity existing between

him and a party who objects to him sitting in the case gives him no legal right to decline to preside. (Act of March 13, 1876, Bullitt & Feland's Statutes, page 905.)

ROSS & OWENS ON SAME SIDE.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This was an application by the executors of the will of Alfred Byram, deceased, for a mandamus compelling the appellee, James H. Holliday, as Presiding Judge of the Nicholas County Court, to hear the motion of the executors made in that court to admit to probate the last will of their testator, or to entertain the motion for a change of venue.

On the calling of the motion in the county court to probate the will, one of the heirs of the decedent contesting the probate filed an affidavit to the effect that the county judge would not give him a fair and an impartial trial of the motion, and for that reason alone, it is alleged, the county judge declined to try the case.

The county judge, in response to the petition, stated that he was not influenced in his refusal to act by the affidavit of the contestant, but before that time had some personal trouble with him on account of matters growing out of his judicial action with reference to the probate of the will. That the contestant reflected upon his conduct by certain statements made that were denounced by the appellant, and for that reason he believed, and now believes, *that he could not properly preside in the case.* That in the exercise of a judicial discretion he declined to pass on the rights of the parties, or to determine the question as to the contestant's right to a change of venue.

Section 1 of the act amending article 17, chapter 28, of the General Statutes, approved January 12, 1876, provides "that whenever the county judge of any county shall be absent or unable, from any cause, to hold the regular monthly county court, *or if in attendance can not properly preside*, it shall be the duty of the county clerk, upon being informed of such failure, to notify the justice of the peace residing nearest the court-house, * * * and it shall be the duty of said justice to attend and hold said court," etc. (Acts 1876, volume 1, page 1.)

It seems from the record before us, that when the appellee (county judge) declined to preside, Summers, justice of the peace, took his seat on the bench, and an affidavit was filed as to him also, and thereupon the county judge was asked again to preside, with a view of hearing the motion for a change of venue. He declined to take any action in the premises, and hence the petition for a mandamus.

The court below, on the hearing of the demurrer to the answer of the county judge, held that he should have entertained the motion for a change of venue, but acted properly in declining to try the case on its merits. The county judge was directed to hear the motion for a change of venue, and the executors of the will have appealed because the judge was not compelled to try the case on its merits.

There is no statute under which a litigant in the county court can, by his affidavit, compel the county judge to vacate the bench, and, therefore, he should

not, for that reason, have declined to hear the motion to probate the will; but the provision of the statute under which the judge may decline to act, *when he can not properly preside*, justified him, in the present instance, in declining to entertain any motion affecting the rights of the parties. His action must be within the exercise of a sound judicial dis cretion, as it is left with the judge alone to determine, by reason of his relation to the parties, his interest in the cause, his bias the one way or the other, his ability to preside, so as to give the party a fair and an impartial hearing. He ought not and can not decline to preside merely for the reason of a disinclination on his part to hear the case; but the reasons influencing his action must be such as to cause him to believe that he can not properly preside.

There is no provision of the Constitution or of the statute setting forth the causes for which a county judge may decline to act, and, therefore, the judge must determine for himself the propriety of his determining the rights of litigants. A circuit judge may be required to vacate the bench when, on an affidavit filed, the litigant believes the judge will not afford him a fair and impartial trial, and certainly when the county judge, whose personal hos tility towards one of the parties causes him to believe that he can not properly preside, declines to act, his action is justified by the express language of the statute.

Nor should he have been compelled to hear the motion for a change of venue, for the additional

reason that no change of venue is permitted in cases
of the probate of wills.   Such proceedings are purely
local.   "They must be proved before and admitted
to record by the county court of the county of the
testator's residence, and from the judgment of the
county court an appeal may be taken to the circuit
court of the county."   (Sections 26 and 27 of chapter
113, General Statutes.)

When the county judge declines to act, the county
clerk should notify the justice residing nearest the
court-house, and if he can not act, then the next
nearest justice.   The justice presiding for the time
being becomes, as to the case before him, the acting
county judge, and neither litigant can, by his affi-
davit, compel him to vacate the bench.   There is a
provision in chapter 28, General Statutes, to the effect
that "a party to a suit pending in a justice's court
shall have a change of venue to another justice when
he shall make oath that he believes he can not have
a fair trial in the justice's court before whom the case
is pending."   (Section 3 of article 18, chapter 28, Gen-
eral Statutes.)   This has no application to the jus-
tice when acting as county judge, and he can not
decline for the mere reason that the litigant believes
he will not do him justice.

It results, therefore, that the justice of the peace
must fill the seat made vacant by the county judge,
and hear this case, and if the parties complain of
his judgment, they can appeal to the circuit court.

When the judge feels that it is his duty to
decline to preside, there is a much greater necessity
for sustaining his action than in compelling him to

vacate the bench on the affidavit of parties who are more generally alarmed at the justice of his rulings than his prejudices against their cause.

While the statute permitting a circuit judge to be removed for the time being from the bench must be followed, for the reason alone that *it is so written*, the right of the litigant to require a judge to do so should never be enlarged by construction, as the evident tendency of such a practice is to lower the dignity of the bench, and encourage a statutory system of perjury at which professional pride revolts, and to which judicial integrity must submit. We will not, therefore, rule that because the statute applies to a judge of the circuit court, it should also apply to a county judge.

This judgment as to the executors must be affirmed. The county judge is not complaining.