FISK *v.* HENARIE *et al.*

*Circuit Court, D. Oregon.* June 11, 1888.

REMOVAL OF CAUSES—LOCAL PREJUDICE—ACT OF 1887—PRACTICE.
    The act of 1887 (24 St. 552) does not repeal subdivision 3, § 639, Rev. St., (act of 1867,) prescribing the procedure or method of procuring a removal of a cause on account of prejudice or local influence; and an affidavit by the party seeking such removal, to the effect that he believes he will not obtain justice in the state court on account of prejudice and local influence, is sufficient to authorize the same.[1]

(*Syllabus by the Court.*)

--See County Court of Taylor Co. v. Railroad Co., 35 Fed. Rep. 161, and note. ·

On Motion for New Trial.

Action by J. H. Fisk against D. V. B. Henarie, Peter Donohue, Eleanor Martin, Thomas Martin, Edward Martin, and John D. Wilcox, to recover damages.

*George H. Williams* and *George H. Durham,* for plaintiff.
*James K. Kelly* and *John M. Gearin,* for defendants.

DEADY, J. This action was removed to this court on the petition and affidavit of certain of the defendants, who are citizens of California, on the ground of prejudice and local influence.

A motion to remand was denied, (32 Fed. Rep. 417,) and the cause was tried here with a jury who, on December 17, 1887, gave a verdict for the defendants.

The plaintiff moves for a new trial, and submits the motion on the single ground that the court erred in refusing to remand the case to the state court,—the other grounds of the motion being expressly waived.

Strictly speaking, this is not an error occurring at the trial, for which this motion is the proper remedy. The case may be taken to the supreme court on error, and the ruling of the court in this respect reviewed, and, if erroneous, corrected.

But counsel ask the court to reconsider the question in the light of Mr. Justice BREWER's subsequent ruling in *Short* v. *Railway Co.*, 33 Fed. Rep. 114, and I am quite willing to do so.

On the argument of the present motion but one point was made: that it did not "appear" to the court from the petition and the affidavit for removal, as required by the act of 1887, (24 St. 552,) that the defendants will not, on account of prejudice or local influence, be able to obtain justice in the state court, because the probatory circumstances, on which the defendants based their statement to that effect, were not set forth in the affidavit.

In the opinion of this court on the motion to remand it was said that the act of 1887 does not provide how the fact of prejudice or local influence "shall be made to appear" to the court. This class of cases is expressly excepted from the operation of section 3 of the act prescribing the mode of removal thereunder generally. It follows that so much of section 639 of the Revised Statutes as relates to the method of removal on account of prejudice or local influence, and the proof thereof, is not in conflict with the act of 1887, and is therefore still in force, and applicable to such removal. * * * It is sufficient that they [the defendants] have made oath that they so believe, [that from prejudice and local influence they will not be able to obtain justice in the state courts,] without setting forth the facts or circumstances on which such belief is founded.

It is admitted in *Short* v. *Railway Co.*, that the act of 1867 (section 639, subd. 3, Rev. St.) "is not in terms repealed" by the act of 1887. But it is contended the latter act "covers the same ground, and is obviously intended by the legislature to be its expressed will upon the whole subject involved therein," and therefore, although there may be some provis-

ions in the earlier not absolutely inconsistent with those of the later act, yet the whole of the earlier act is repealed.

But in my judgment this deduction is founded on a misapprehension of the intention of the legislature as manifested in the act of 1887.

The plain purpose of the act, so far as the removal of causes on the ground of prejudice or local influence is concerned, is to provide who may remove a suit for such cause, and within what time, and not to prescribe the procedure or manner of taking the removal.

For instance, by the act of 1867 a suit could be removed on the petition of either party thereto, if he was not a citizen of the state in which it was brought, while the act of 1887 restricts the right to the defendant. The act of 1867 allowed a removal only in a case of "a suit" between citizens of different states, but the act of 1887 gives the right of removal to "any" defendant in a suit who is a citizen of a state other than that in which the same is brought, whenever there is "a controversy" therein between himself and a citizen of any other state. *Fisk* v. *Henarie*, 32 Fed. Rep. 422. The act of 1867 permitted the removal to be made "at any time before the trial or final hearing of the suit," while the act of 1887 limits it to "any time before the trial thereof."

Section 3 of the act of 1887 expressly provides a method of removal in all cases within its purview, except those for prejudice or local influence, which are expressly included from its operation in this respect.

From these premises, it appears to me, but one conclusion can reasonably be drawn, that the act of 1887 does not and was not intended to repeal that portion of the act of 1867, contained in subdivision 3, § 639, Rev. St., which prescribes the procedure on a removal for prejudice or local influence.

Then, again, in considering this question it is to be remembered that repeals by implication are not favored, and are never admitted where the former act can stand with the new one. *Wood* v. *U. S.*, 16 Pet. 362; *Ex parte Yerger*, 8 Wall. 105 *Chew Heong* v *U. S.*, 112 U. S. 549, 5 Sup Ct. Rep. 255.

In *Wood* v. *U. S.*, *supra*, Mr. Justice STORY, speaking for the court on a question of the repeal of a statute by implication, says:

"That it has not been expressly or by direct terms repealed is admitted; and the question resolves itself into the narrow inquiry whether it has been repealed by necessary implication. We say, by necessary implication; for it is not sufficient to establish that subsequent laws cover some, or even all, of the cases provided for by it, for they may be merely affirmative, or cumulative, or auxiliary. But there must be a positive repugnancy between the provisions of the new laws and those of the old, and even then the old law is repealed by implication only *pro tanto,*—to the extent of the repugnancy."

In *Hills* v. *Railroad Co.*, 33 Fed. Rep. 81, Judge NEWMAN considers this question, and comes to the conclusion that the act of 1887 does not change the practice where a defendant seeks to remove a case on the ground of prejudice or local influence.

The decision in *Short* v. *Railway Co.*, *supra*, does not go so far as to hold that the affidavit must contain the facts on which the affiant bases

his belief, but only that the fact of prejudice or influence must be positively stated.

The petition in this case, which is verified by the oath of the defendant Henarie, does state the fact of prejudice and local influence positively. But the affidavit thereto is that the petition is true, as the affiant "verily believes." The affidavit for the removal, which is sworn to by the defendants Henarie and Eleanor Martin, states that the affiants "have reason to believe and do believe and so state" that from prejudice and local influence the defendants will not be able to obtain justice, etc.

A duly-verified petition is so far an affidavit that, if it contains the necessary averments, a removal may be had thereon. This petition states positively the fact of prejudice and local influence. Nor is the force of this statement affected by the fact that the defendant swears it is true as "he verily believes." Of course, what he believes to be true he may state as a fact. If he had sworn that the petition was true, without saying "as I verily believe," he would have neither said nor meant anything more than "I swear it is true, because I believe so."

In fact, the difference between saying "I believe I cannot get justice in the state court on account of prejudice and local influence" and "I cannot get justice in the state court," etc., without saying whether I believe it or not, in my humble opinion is the difference between tweedledum and tweedledee.

The statement in the affidavit proper, in addition to the belief of the affiant, contains a positive averment of the fact of prejudice and local influence. It is in effect a declaration that the affiant has reason to believe, and does believe, a certain fact to exist, and therefore "states" that it does. And this is equivalent to saying that the fact exists, without saying that he believes it, which is understood.

I conclude, then, that the fact of prejudice and local influence is "made to appear" to the circuit court whenever it does so appear from the affidavit of the party causing the removal, and that it does so appear whenever such party states on oath that it is so, or that he believes it to be so.

The motion for a new trial is denied.