R. S. Cox v. The United States.

CRIMINAL LAW—*Change of Trial Judges*. Upon an application for a change of
trial judges, under § 5138 of the statutes of this territory, Statutes of Okla-
homa, 1893, as amended, Laws of 1895, p. 196, the facts and circumstances
showing the prejudice of the presiding judge, or other grounds for such
change, must be shown by the affidavit of the defendant; and unless from
the facts and circumstances stated in such affidavit, it reasonably appears
that such bias or prejudice, on the part of such judge, exists, or other cause
for such change be shown, the presiding judge may, in the exercise of his
judicial discretion, refuse such application. (Keaton, J., dissenting).

*Error from the District Court of Logan County.*

The defendant, R. S. Cox, was, at the February, 1896,
term of the district court for Logan county, sitting with
the powers and jurisdiction of a United States district
court, convicted of the crime of perjury, and sentenced
to imprisonment in the United States penitentiary at
Leavenworth, Kansas, for a period of four years, and to
pay a fine of one dollar. Having moved unsuccessfully
for a new trial and in arrest of judgment, he brings the
case to this court by petition in error.

*A. L. Ayers* and *Joseph Wisby*, for plaintiff in error.

*C. R. Brooks, United States Attorney, T. F. McMechan*
and *Roy Hoffman, Assistant United States Attorneys,*
for defendant in error.

The opinion of the court was delivered by

TARSNEY, J.: The indictment in this cause was found
and returned March 13, 1895. On October 14, 1895,
defendant filed, in said cause, his motion for a change of
judge, the ground assigned in said motion being, "that

the judge of said court is so biased and prejudiced against him that he cannot have a fair and impartial trial of said cause before said judge." At the same time, defendant filed his affidavit in support of said motion which affidavit was as follows:

"R. S. Cox, being duly sworn, states upon his oath that he is the defendant in the above entitled cause, and that he cannot have a fair and impartial trial before the judge of said court because of bias and prejudice existing in the mind of said judge against him."

The overruling of this motion is the only error assigned and relied upon by plaintiff in error.

Section 5138 of the Statutes of Oklahoma of 1893, as amended, Laws of 1895, p. 198, provides:

"If it be shown to the court by the affidavit of the accused that he cannot have a fair and impartial trial by reason of the bias and prejudice of the presiding judge, or that the judge has been of counsel in said cause, or is of kin to either party to the action, or is interested, a change of judge shall be ordered and the clerk of the district court shall immediately transmit to the clerk of the supreme court of the territory a certified copy of the order granting a change of judge."

By an act of congress approved December 21, 1893, it is provided:

"The supreme court of said territory, (referring to Oklahoma) or the chief justice thereof, may designate any judge to try a particular case or cases in any district when the judge of said district has been of counsel or is of kin to either party to the action, or interested, or is biased or prejudiced in the cause, or if for any other reason said judged is unable to hold court."

The only question in this case is, had the trial judge any discretion to refuse the application of the defendant for a change of judges to try said cause, and is the statute above quoted mandatory, requiring the judge to

grant the change asked upon the filing of the affidavit?
It is contended by counsel for defendant that the statute
is mandatory and leaves no discretion in the judge to
whom the application is presented to grant or refuse .
the same.   The question is ably discussed by counsel
both for the defendant and for the government, and
numerous authorities have been cited in the briefs as
sustaining the contention of either.   Statutes providing
for a change of judge for the reasons stated in this mo-
tion have been enacted in nearly all the states of the
Union, and the adjudications are numerous; but as the
question must necessarily turn upon what was the inten-
tion of the legislature in enacting the law, to be deter-
mined primarily from the language which they em-
ployed in the enactment, and as the statutes vary some-
what in the language used, the decisions are apparently
somewhat conflicting.   But this conflict is more appar-
ent than real.

As the conclusion we have arrived at is not in har-
mony with the contention of counsel for defendant, we
deem it proper to review some of the principal author-
ities relied on by them, and distinguish between the
question as presented by those authorities and as pre-
sented in the case at bar.   The leading case relied upon
by counsel for defendant, and from which they have
quoted at considerable length in their briefs, is the case
of *State v. Kent*, [North Dakota], 62 N. W. Rep. 631. ·
In that case it was held that under the statutes of North
Dakota, which counsel contends is equivalent to ours,
when a person on trial for a felony presents to the judge
of the district in which the indictment is pending his
affidavit stating that he cannot have an impartial trial by
reason of the bias and prejudice of the judge, it is the

absolute duty of such judge to call in another judge to try the case. For him to refuse to do so is error. The language of the North Dakota statute being:

"If the accused shall make an affidavit that he cannot have an impartial trial by reason of bias or prejudice of the presiding judge of the district court where the indictment is pending, the judge of such court may call any other judge of the district court to preside at said trial and do any other act with reference thereto as though he was presiding judge of said district court."

We think no other construction could have been given the statute than the one given to it by the court in that case. It must be noticed, that under the language of said statute, the right to a change of judge did not depend upon whether the presiding judge was or was not biased or prejudiced. The fact of such bias or prejudice was not to be considered as an element and therefore a question whether such prejudice did or did not exist could not be involved for decision. It was not the fact of the *bias and prejudice*, but the fact of *making an affidavit* that determined the right to the change.

If the accused *shall make an affidavit*, the change shall be granted. If the statute had provided that when the defendant made an affidavit and filed the same with the clerk of the court the change should be granted, it would be equivalent to what the statute does provide. No question is by that statute submitted to the court for determination; his mind was not to be influenced or convinced; it was not to be made apparent or to be shown that he was biased or prejudiced. The right to the change depended upon the *making* of the affidavit, not the truthfulness of its statement or the influence of such statement upon any mind. It was, therefore, mandatory

and no discretion was vested in the judge, for nothing was to be submitted to him for decision.

The cases of *State v. Henning*, 54 N. W. Rep. 536, and *State v. Palmer*, 57 N. W. Rep. 490, cited by counsel, were cases in which the supreme court of South Dakota construed the same statute, the statute having first been enacted by the territorial legislature of the territory of Dakota; and afterwards, on the division of the territory, and the creation of the states of North and South Dakota, adopted in exact language by the legislature of each of said states; and the court of South Dakota gives to the statute the same construction as that given by the sister state.

A statute of New Mexico, (General Stat. of N. M. Prince's Ed. 117 § 17), provides: "That the venue shall be changed in all cases both civil and criminal when the judge is interested," or when the party moving for the change shall make oath that "he cannot have justice done him in the county in which the suit is then pending, setting forth the cause of such obstruction of justice, which oath must be supported by the additional oaths of at least two disinterested persons."

It was held by the supreme court of that territory that if the proper affidavit is made by the party moving for a change of venue, and supported by the affidavits of two or more disinterested persons, such affidavits are to be considered as conclusive. (*Territory of New Mexico v. Kelley*, 2 N. M. 292). We think this statute is equivalent to the Dakota statute. It is the *making of the oath* by the defendant and by two other persons that gives the right. There, as in Dakota, nothing in the language of the statute implies that the mind of the court is to be addressed, convinced or influenced or, that the question

45—v.

of the truth of the facts stated in the affidavit is involved. The applicant and not the judge determines the change. The fact of the oath being made, and not that of the existence of prejudice or other cause being the only pre-requisite to the right, and leaving no question to be determined, and therefore no discretion to be exercised.

In *Rafferty v. The People*, 66 Ill. 118 and *Rafferty v. The People*, 72 Ill. 37, it is held that an application for a change of venue by one indicted for murder is not addressed to the discretion of the court, but upon a proper application being made, the prisoner is entitled to it as a matter of right. The decisions are based upon a statute that provides that when any defendant shall fear that he will not receive a fair and impartial trial on account of the prejudice of the judge, or that the minds of the inhabitants of the county are prejudiced against him, he may apply for a change of venue by a petition setting forth the cause of such application, verified by affidavit; and the court or judge shall award a change of venue. Here again the pre-requisite facts are a petition setting forth the cause and its verification by affidavits. When the verified petition is filed, the court or judge "shall award a change." This statute is equivalent to the Dakota statute already considered. There is nothing addressed to the mind of the court; no question for him to adjudicate; no discretion to exercise. The language of the statute is imperative. In Missouri the petition for a change was required to be supported by the affidavits of the two *respectable witnesses*, and whenever a petition was filed, supported by such affidavits, the statute required a change of venue to be granted; and in *Freleigh v. The State*, 8 Mo. 606, it was held error for the court to deny a change on the ground "that it did not appear that the affiants were *respectable,* as

required by law." That the word "respectable," as used in the statute, was intended to be synonomous with the word "competent," and that the act authorizing a change was imperative, whenever a case was made out in conformity with its requisitions, that is, when the petition is filed and two supporting affidavits. This is equivalent to a statute that when a defendant "shall make affidavit," and is substantially equivalent to the statutes of Dakota, New Mexico and Illinois.

The Iowa statute of 1845 was almost in the identical language of the statute of Missouri just quoted, and the court of that state, in *Cass v. The State*, 2 Green, 353, holds such statute to vest no discretion in the court, but to be imperative. The only cases called to our attention based upon a statute which we think approximately equivalent to our statute are those cited from the state of Indiana. Under the Revised Statute of Indiana of 1881, § 412, it is provided:

"The court in term, or judge thereof, in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one or more of the following cases, * * (3) that the opposite party had an undue influence over the citizens of the county." * *

This statute we regard as substantially the same as ours, and the supreme court of that state holds it to be imperative upon the judge or court to grant the change on such affidavits, and that no counter showing can be permitted.

It is unnecessary that we should review any of the authorities cited by the government from the states of Iowa, Wisconsin or California, as the statutes of those states leave no doubt of the intent of the legislature to vest the judge of the court with a clear discretion to

grant or refuse the application; the language of the statute of Iowa being, "In the exercise of a sound discretion and according to the very right of the matter;" and that of Wisconsin being, "and such court or judge, reasonable notice of the application having been given to the opposite party or his attorney, shall, if satisfied of the truth of the allegations, award a change of venue," etc.; and that of California being, "if the court be satisfied that the representations of the defendant be true, an order shall be made for the removal."

Under a statute, § 20, ch. 78, Laws of South Dakota, 1890, which reads: "Whenever it shall appear to the satisfaction of the court by affidavit or otherwise that a fair and impartial trial cannot be had in such court by reason of the bias and prejudice of the judge, the court shall call the judge of another county to try the case," it was held, *State v. Shapman*, 47 N. W. 411, that the affidavits in support of the application must state facts and circumstances from which the conclusion is deduced that a fair and impartial trial cannot be had; that the conclusion is to be drawn by the court and not by the defendant; that the court must be satisfied from the facts and circumstances sworn to in the affidavit, and not from the general conclusions to which the defendant may swear. In Kentucky it is held that it is for the county judge to determine, in the exercise of sound judicial discretion, whether by reason of kinship, etc., it would be improper for him to hear a particular case, and he cannot be compelled to vacate the bench by the affidavit of a litigant. (*Byram v. Holliday*, 84 Ky. 18). And in the same state, under the statute for the election of a special judge, an affidavit to the effect "that the regular judge will not afford affiant a fair and impartial trial," must show the grounds of affiant's belief and must affect

the personal integrity of the judge.   (*German Ins. Co. v. Landrum*, 10 [Ky.], L. Rep. 1042).

Section 56, of the civil code of Kansas, reads:

" In all cases in which it *shall be made to apper to the court*, that a fair and impartial trial cannot be had in the county where the suit is pending or where the judge is interested or has been of counsel in the case," etc.

Construing this section, Horton, C. J., in *Gray v. Crocket*, 35 Kan. 56, says:

" If the district court had overruled the application to change the place of trial upon the affidavit presented, we would unhesitatingly pronounce the ruling eminently correct, because it seems to us that the true rule in such a case is that such facts and circumstances must be proved by affidavit or other extrinsic evidence; and unless this clearly appers a reviewing court will sustain the over-ruling of the application."

And in *City of Emporia v. Volmer*, 12 Kan. 622, the court, construing a statute which reads:

"When any indictment or criminal prosecution shall be pending in any district court the same shall be removed by order of such court or judge thereof to the district court of some county in a different district in either of the following cases: (1) When the judge of the court in which the cause is pending is near of kin to the defendant by blood or marriage; (2) When the offense charged is alleged to have been committed against the person or property of such judge or some person near of kin to him; (3) When the judge is anywise interested or prejudiced or shall have been of counsel in the cause."

That court says:

"It seems to us, therefore, that this is the true rule: That such facts and circumstances must be proved by affidavit or other extrinsic testimony as clearly show that there exists a prejudice on the part of the judge towards the defendant; and unless this prejudice clearly appears, a reviewing court will sustain an overruling of the application on the ground that the judge must have been

personally conscious of the falsity or the non-existence of the grounds alleged. It is not sufficient that a *prima facie* case only, be shown. Such a case as would require the sustaining of a challenge to a juror; it must be strong enough to overthrow the presumption in favor of the trial judge's integrity and of the clearness of his perception."

Our summary of the authorities is that there are three classes of statutes: (1) Those like that of the territory, and the earliest statutes of the states of Dakota, and those of New Mexico, Illinois and Missouri, where the language leaves no doubt that it was the intent of the legislatures to take away all discretion from the court or judge in passing upon the question of a change of venue or of judge;·(2) statutes like those of Iowa, Wisconson and California, where the language leaves no doubt of a clear intention to confer such discretion; and (3) statutes very similar to our own, like the latter statute of the state of the South Dakota, reading, "Where it is made to appear to the satisfaction of the court," or such as, "Where it is made to appear to the court," or, "Where it is proven," or as in this territory, "If it be shown to the court." In this last class, where there is room for judicial construction to determine the intent of the legislature, the weight of authority is clearly in favor of such discretion, and that the court can exercise the discretion to grant or refuse the application.

We think the words, "shown to the court" are equivalent to the words "made to appear," as used in other statutes. In Webster's International Dictionary the word "shown" is defined, "to make apparent or clear, as by evidence, testimony or reasoning; to prove." In *Coyle v. Commonwealth*, 104 Penn. St. 133, "to show" is said to mean "to make apparent or clear by evidence;

to prove." Independent of the authorities, we must give effect to the intent of the legislature, if such intent can be reasonably ascertained. To ascertain such intent, we look not only to the language of the enactment, if there be any ambiguity, but to the condition upon which it was to operate, the evil that existed and the reasonableness of the remedy intended to be applied. Construed in these lights, we cannot conclude otherwise than that the legislature did not intend to arm those accused of crime with means by their own will and act alone, to hinder, delay, obstruct or prevent the administration of justice; or that they should be offered the reward of immunity from punishment for crime, merely by the commission of another crime. We have shown that the language of this statute, neither from the definition of its language by approved authority or the construction given to similar statutes, bears out the contention of the defendant. We must assume that the legislature, when enacting it, had knowledge that it might be used, if the contention of defendant is to prevail as to its meaning, to prevent a fair and impartial administration of justice rather than to secure the same; and can it be that the legislature intended that one accused of crime should secure delay, or perhaps prevent a trial entirely, simply by filing an affidavit setting up a conclusion that might be false and that might be known by the judge to be false, and that that judge, sworn to see that the laws were faithfully, fairly and impartially administered, should be compelled to sit upon the bench, knowing such affidavit to be false, and yet be compelled to give it the effect he would though it were true. Did the legislature intend that any person accused of crime, though never so notorious a criminal, when brought to trial and when applications for a continuance and all other dilatory

proceedings, so familiar and so often used in the defense of criminal actions had failed, might, by simply making an affidavit that the judge of the court was of kin to him, though he might be of the Mongolian or African race, secure that which he had failed to secure by his other dilatory proceedings, perhaps absolute immunity from justice, and that such affidavit should outweigh and even impugn the integrity of the sworn judge of the court. We do not think this was contemplated by the legislature. We believe the legislature, when framing this statute, was familiar with the geographical and physical conditions of this territory; that they appreciated that courts were being held at a distance of one hundred and fifty miles from any railroad; that the judges were separated by long distances; that they were all engaged at the same season in conducting trial courts; that a change of judge meant not only a continuance of the cause for the term but perhaps for many terms, before the convenience of public business would permit another judge to take the place of the one thus deposed. That practically in that it would have been better had they enacted that, upon the filing of such affidavit, the county attorney should enter a *nolle prosequi* in the cause. Was such statute thus construed needed to remedy any evil that existed? True, judges may be of kin to an accused; they may be interested; they may be prejudiced and biased. It if a remedy for all this that if the accused may make affidavit that the judge is prejudiced or biased, and set forth in his affidavit, not a conclusion but facts, from which it would be naturally and reasonably inferred that bias or prejudice existed, and if his application was overruled, then upon appeal, the supreme court, having before it the facts upon which the trial court acted, could correct the error, if any, committed by such trial court.

This we think the true interpretation of this statute which interpretation we derive from the language of the act, from the evil that may have existed; from the reasonableness of this remedy for such evil, from the conditions surrounding the legislature and their knowledge of those conditions when enacted, and from the weight of authorities construing similar enactments.

If this was not the interpretation that was intended by the legislature to be given this statute, they would have employed language, the natural interpretation of which would have shown a different intent, and until the language of the statute is changed, to show such different intent, we must hold that the trial judge is vested with discretion to grant or refuse such application.

The judgment of the court below is therefore affirmed.

Dale, C. J., having presided in the court below, not sitting; Bierer, J., and McAtee, J., concurring; Keaton, J., dissenting.

Dissenting opinion by

KEATON, J.: As I cannot agree with my associates, either as to the reasoning expressed or the conclusion reached in the foregoing opinion, I feel that it is proper, if not in fact a duty, to state the grounds of my disagreement therefrom; and I here submit them as prepared by me for the original opinion in the case of *Rhea v. United States*, but which was not concurred in by any of the other justices; hence I attach same as my dissent in this case.

The application herein was made under a territorial statute which was based upon an act of congress. The congressional enactment is as follows: "The supreme court of said territory, or the chief justice thereof, may

designate any judge to try a particular case or cases in any district when the judge of said district has been of counsel, or is of kin to either party to the action, or interested, or is biased or prejudiced in the cause, or if for any other reason said judge is unable to hold court." (Sec. 3, ch. 5, U. S. Statutes-at-Large, vol. 28, p. 21).

So much of the territorial statute as is material to the question under consideration is as follows:

"A criminal action prosecuted by indictment, or by information originally filed in the district court, may, at any time before the trial is begun, on the application of the defendant, be removed from the court and the county in which it is pending, as follows:

"First. If the offense charged in the indictment be punishable with death or imprisonment in the territorial prison for life, if it be made to appear by the affidavit of the accused, and two disinterested persons, that a fair and impartial trial cannot be had in such county, a change must be granted.

"Second. If the offense charged in the indictment be punishable with confinement for a term less than life, in the territorial prison, and it be shown to the court by the affidavit of the accused, corroborated by five disinterested persons, that a fair and impartial trial cannot be had in the county, *the court may in its discretion, award or refuse the change; the order shall be reviewable on appeal.*

"Third. In other cases a change from a county shall be allowed only when *it is clearly shown* by the affidavits of not less than ten disinterested persons *that an unprejudiced jury cannot be obtained in the county to try the cause.*

"Fourth. If it be shown to the court by the affidavit of the accused that he cannot have a fair and impartial trial by reason of the bias and prejudice of the presiding judge, or that the judge has been of counsel in said cause, or is of kin to either party to the action, or is

interested, a change of judge shall be ordered." (Sec. 21, ch. 41, Session Laws 1895, pp. 197 and 198).

It is contended by appellant's counsel that when a defendant in a criminal action makes an affidavit in the language of the statute, the court must grant the change, *i. e.*, that the statute is mandatory; while counsel for the government contend that the affidavit must set forth the facts upon which it is based and that those facts must be such as to satisfy the court, in the exercise of a sound discretion, that a change of judge should be granted.

A thorough investigation of the question has convinced me that the former contention is the correct one, although there are some apparently well considered opinions holding the contrary. But the weight of authority and, in my judgment, the better reason support the contention that, under a statute like ours, when such an affidavit, as the one hereinbefore set out, is made and presented in proper time, the only further jurisdiction the court has is to make the order granting the change. In fact, a careful reading of the statute itself would seem to enforce this interpretation. Why should the legislature expressly say, in the second and third paragraphs of the section above quoted, that, "the court may in its discretion, award or refuse a change," and include no such provision in the first and fourth paragraphs thereof, if it was intended that the court should exercise any such discretion therein?

Perhaps the strongest and best reasoned case to be found upon this question is that of the *State v. Kent*, [N. D.], 62 N. W. 631, and is based upon a statute in the following language, "And if the accused shall make an affidavit that he can not have an impartial trial, by reason of bias or prejudice of the presiding judge of the

district court where the indictment is pending, the judge of such court may call any other judge of a district court to preside at said trial, and do any other act with reference thereto, as though he was presiding judge of said district court."

In the case last cited, the supreme court of North Dakota say, in part, that:

"It cannot admit of doubt that the act we are interpreting was passed to give the prisoner the right to insist on a trial before a different judge, when the judge of the district in which the indictment is pending is biased. From this proposition there flows the corollary that, on the presentation of an affidavit stating such bias, the right of the accused to have another judge called in to try the case is absolute. If not, then the judge who is so attacked for prejudice sits in judgment on the question of his own bias. It is true that no property interests of his own are involved. Neither is his life nor his liberty at stake. But the mind that can not decide that it is biased without at the same time admitting by such decision that it was willing, in that condition, to enter on the trial of the man against whom the prejudice is entertained, without disclosing such bias, and that it would have carried on such trial to its close, conscious that it was not impartial, a mind placed in a position where a decision against its own freedom from bias will bring it such humiliation, is not that free, calm, disinterested mind, with respect to that question, which the law requires, and the honest administration of justice demands. This consideration renders it impossible for us to impute to the legislature the purpose to permit the judge so assailed to pass upon his own bias. The language of the statute, confirms our view that he is not to try this question."

See, also to same effect, in construing an identical statute, *State v. Palmer*, [S. D.], 57 N. W. 490; *State v. Henning*, [S. D.], 54 N. W. 536.

The following decisions, based upon similar statutes to ours, also support the position herein taken by the writer that said statute is mandatory: *Smith v. The State*, 1 Kan. 365; *Van Slyke v. Mutual Fire Ins. Co.*, 39 Wis. 390; *Vogel v. City of Milwaukee*, [Wis.], 2 N. W. 543; *Hewett v. Fallett*, [Wis.], 8 N. W. 177; *Northwestern Iron Co. v. Crane*, [Wis.], 29 N. W. 654; *Manley v. The State*, 52 Ind. 215; *Burkett v. Holeman*, [Ind.], 3 N. E. 406; *Rout v. Ninde*, [Ind.], 20 N. E. 704; *Bernhamer v. State*, [Ind.], 24 N. E. 509; *Eckles v. Kinney*, 4 Iowa, 539; *Berner v. Frazier*, 8 Iowa, 77; *Alleston v. Eldridge*, [Iowa], 10 N. W. 252; *McGovern v. Keokuk Lumber Co.*, [Iowa], 16 N. W. 106; *Freleigh v. The State*, 8 Mo. 606; *State v. Shipman*, [Mo.], 6 S. W. 97; *Cantwell v. People*, [Ill.], 28 N. E. 964; *Perkins v. McDowell*, [Wyo.], 19 Pac. 440; *State v. Shaw*, [Ohio], 1 N. E. 753.

In a recent case, it has been held in Ohio, under a similar statute to ours, that "the affidavits required by Revised Statute, § 550, asking for the designation of another judge to try a case on account of prejudice or bias, need not state facts upon which the claim of bias or prejudice is based, but it is sufficient that bias or prejudice is alleged." (*State v. Wolfe.* 11 Ohio Circuit Court Records, 591).

As to the duty and jurisdiction of the court after application for change is made see *Watts v. White*, 13 Cal. 321; *O'Neil v. O'Neil*, 54 Cal. 187; *Estrada v. Orena*, *id.* 407; *Peyton v. Johnson*, [Neb.], 56 N. W. 728; *Herbert v. Beathard*, 26 Kan. 746; *Paul v. Ziebell*, [Neb.] 61 N. W. 630; 12 Am. Eng. Enc. Law, paragraph 8, page 52.

Where the statute provides the manner of showing the prescribed facts, no other, or counter, showing can be

considered.   *Salinas v. Stillman*,   25 Texas, 12, where it
is held that "the statute does not seem to contemplate
the production of counter affidavits or rebutting evi-
dence.   It provides that the court shall have power to
change the venue 'on good and sufficient cause set forth
and duly supported by oath or affirmation of three dis-
interested citizens of the republic, (now state), the suf-
ficiency of which evidence shall be determined by the
presiding judge,' and the court is to decide upon the
legal sufficiency of the cause or causes set forth and the
credibility of the witnesses required to be produced in
support of the application.   It is upon the 'sufficiency'
of this evidence that the court is to determine."

A very able and interesting discusion of an analogous
question is found in the 32, 33 and 35 Federal Reporters,
arising upon the construction of the following portion of
the act of congress of March 3, 1887, to-wit:

"And where a suit is now pending, or may be here-
after brought, in any state court in which there is a
*controversy* between a citizen of the state in which the
suit is brought and a citizen of another state, *any* de-
fendant, being such citizen of another state, may remove
such suit into the circuit court of the United States for
the proper district at any time *before the trial thereof*,
when it shall be made to appear to said circuit court
that, from prejudice or local influence, he will not be able
to obtain justice in such state court, or in any other
state court to which the said defendant may, under the
laws of the state, have the right, on account of such
prejudice or local influence, to remove said cause: pro-
vided, that if it further appear that said suit can be fully
and justly determined as to the other defendants in the
state court without being affected by such prejudice or
local influence, and that no party to the suit will be
prejudiced by a separation of the parties, said circuit
court may direct the suit to be remanded so far as

relates to such other defendants to the state court to be proceeded with therein." (24 Stat. at Large, 552).

One of the principal questions involved in this discussion is whether the above portion of said act is an absolute repeal, or only amendatory, of the act of March 2, 1867, which provides that:

"When a suit is between a citizen of the state in which it is brought and a citizen of another state, it may be so removed on the petition of the latter, whether he be plaintiff or defendant, filed at any time before the trial or final hearing of the suit, if, before or at the time of the filing said petition, he makes and files in said court an affidavit stating that he has reason to believe and does believe that, from prejudice or local influence, he will not be able to obtain justice in the said state court." (14 Statutes at Large, 558).

The former statute was first construed by Judge Deady, in *Fisk v. Henarie,* 32 Fed. 417, wherein he held that:

"The provision in § 2 of the act of 1887, (24, Statutes, 553), authorizing the court to examine into the truth of an affidavit for removal of a case from a state court, on account of prejudice or local influence, applies only to cases removed before the passage of said act, on the application of the plaintiff; and otherwise than this, such affidavit being not a matter of jurisdiction, but only a condition imposed of the party seeking the removal, it cannot be questioned or contradicted; nor is it necessary that the affiant should state the grounds of his belief."

It was next passed upon in *Hills v. Richmond & D. R. Co.,* 33 Fed 81, by Judge Newman, who reached the same conclusion as Judge Deady, and assigns, in part, the following reasons therefor:

"Now, is the language, 'shall be made to appear to said circuit court,' sufficient to indicate an intention to change the rule as it existed under the original act of removal, by affidavit of the party? Is it not, rather, a

proper construction to hold that the two acts should be read and construed together, and that so read and construed, the law now is that it shall be made to appear to this court by the affidavit of the defendant that he has reason to believe, etc.—this affidavit to state, of course, in addition to what would have been necessary under the old act, 'that he will not be able to obtain justice in any other state court to which the defendant, under the laws of such state, had the right, on account of such prejudice or local influence, to remove said case.' It seems to me that the latter view is the only one that can be adopted, if proper construction be given to all the legislation, as it now stands, on this subject. Again, the express provision in the act of March 3, 1887, as to the duty of this court to examine into the sufficiency of the grounds for removal, in the case of a plaintiff removing his case here, and the absence of any such provision as to a defendant so removing, seems to be significant of the fact that the law as it formerly existed is not changed as to defendants."

Subsequently, and in *Short v. Chicago, M. & St. P. Ry.*, 33 Fed. 114, Judge Brewer, in construing said act, reaches a different conclusion, holding that: "It is obvious that the legislation of 1887 with respect to prejudice and local influence was intended to supercede entirely the act of 1867, and to plant the matter upon a new basis, and planting it upon a new basis, to let the act of 1887 take the place of that of 1867," and, in discussing the sufficiency of the affidavit in that case, says:

"In other words, before a removal can be had on the ground of prejudice or local influence, there must be shown to the circuit court of the United States the existence of such prejudice or local influence. It is not given to the party upon his conscience to say he believes, or has reason to believe, that such prejudice exists, and thereby become entitled to a removal; but there is a question of fact which the circuit court must determine,

and it cannot order the removal until it appears that such prejudice or local influence exists. Now, how can that fact be made to appear? How can any fact be made to appear? Either by oral testimony or affidavits. The affidavits in this case do not allege the fact. Counsel for plaintiff insists that an affidavit, in form, simply saying that there does exist prejudice or local influence so as to prevent a fair trial, is not sufficient; that that is a fact which cannot be testified to in a general way; that the affidavit must show a series of isolated and separate facts, from which, taken together, the court can see that such local prejudice does exist. In that proposition I am inclined to hold against him, so far as the first showing is made. It is not, however, necessary positively to decide that question now. *If the question were presented, I should be inclined to hold that an affidavit, alleging in plain and unequivocal terms that such local prejudice does exist, and that a fair trial cannot be had, would entitle the party to a removal.* I think, however, that that fact, like any other fact, may be challenged. After the affidavit has been presented, and a removal ordered, the party opposing it may come in and traverse that allegation of prejudice, the same as any other averment of fact.     *     *     *     All that is required is that it shall be made to appear to the circuit court that from prejudice or local influence, the party will not be able to obtain justice in said court. This showing may be made by affidavit; and if this constitutes a specific averment, while it may not be conclusive, it is *prima facie* evidence of the fact, and throws the case into this court, leaving the other party to challenge its truth. *There being no form, no procedure prescribed, I think the court in any particular case may prescribe a mode of procedure, or might lay down a general rule applicable to all cases.*"

Apply the reasoning of the learned and distinguished jurist in the case last cited to the question involved in the case at bar and it must be held that the trial court erred in refusing the change of judge. This would be

46—v.

so even if our statute did not specifically provide the form of procedure to be pursued in procuring such change. The affidavit in this case was direct and positive. No counter showing was made and, in fact, none could have been made under the statute. It will never do to hold that trial courts can deny such applications upon personal knowledge or information which need not be stated in the record, for, by so doing, said courts would be given absolutely unlimited discretion in the matter, and one which, under the law, cannot be reviewed by this court. And, if such interpretation is given the statute, the trial courts can, upon their personal knowledge, which need not be disclosed, as easily deny such applications, when the particular facts, whereon the conclusions of bias and prejudice are based, are stated therein, as, when the conclusions only are so stated. (*Witler v. Taylor*, 7 Ind. 110).

In *County Court v. Baltimore & O. R. Co.*, 35 Fed. 161, Judge Jackson seems to take about the same position as to the construction to be given this portion of the act of March 3, 1887, as that occupied by Judge Brewer in *Short v. Chicago et al.*, *supra*. Upon a rehearing of *Fisk v. Henarie*, 35 Fed. 230, Judge Deady adheres to his former opinion in said case, *supra*, saying: "I conclude, then, that the fact of prejudice and local influence is 'made to appear' to the circuit court whenever it does so appear from the affidavit of the party causing the removal, and that it does so appear whenever such party states on oath that it is so, or that he believes it to be so."

In *Malone v. Richmond & D. R. Co.*, 35 Fed. 625, Mr. Justice Harlan holds that, the prejudice and local influence clause of the act of 1887, absolutely repeals that of 1867, and, "That it is the duty of the circuit court to examine into the truth of the facts alleged to support the

grounds for removal, and to ascertain their existence. The simple affidavit by the defendant, stating, in general terms, the existence of such prejudice, and its effect, in the language of the statute, no opportunity having been given the plaintiff, by notice, to controvert such statement, ought not to be accepted as sufficient evidence of the fact.

This case comes nearer supporting the position taken by the trial court in the case at bar than any other federal decision which I have been able to find, but, it should be remembered that the statute construed by Justice Harlan, as interpreted by him, is quite different from ours in that it does not prescribe the particular mode in which this showing is to be made. The same may be said of the Kansas cases cited by counsel for appellee. (*City of Emporia v. Volmer*, 12 Kan. 475). The other decisions cited by counsel for the government are based upon statutes similar to that now existing in Kansas, or such as expressly provide that the court shall exercise a discretion in passing upon the application, like the present statute in the criminal code of the state of Iowa, which requires that, "The court, in the exercise of a sound discretion, must decide the matter of the petition, when fully advised, according to the very right of it." (Sec. 4374, McLain's An. Stat. 1880).

But, in construing a section of the civil code of that state, which provides that "change of the place of trial may be had" when the defendant files an affidavit, supported by three disinterested persons, stating certain facts, (see *Jones v. C. & N. R. R. Co.*, 36 Iowa, 68), it is held that the duty of the court to grant the change is mandatory upon the filing and presenting of the statutory affidavit within proper time.

. Under such a statute, however, as that quoted from the Iowa criminal code, all courts hold that the showing must be such as to reasonably satisfy the trial court of the truth of the application. (*State v. Chapman*, [S. D.], 47 N. W. 411).

Our statute is not, of course, in the identical language of any of those hereinbefore designated as similar thereto, but it is, in effect, the same as all of those, which have been held to be mandatory, in the following essential particulars: First, it prescribes the particular manner in which the showing must be made and, thereby, prohibits any different, or counter, showing. Second, it does not require that said showing be such as *will satisfy the trial court* of the truthfulness thereof, nor does it provide that said court can exercise any discretion whatever in the matter, except to see that the affidavit complies with the requirements of said statute. .

In many of the statutes, upon which the decisions, herein cited, are based, the provision is that the courts "may," upon the filing of certain affidavits, grant the change. This word *may* has invariably been construed to mean *must*, and said statutes held to be mandatory. Following is the section of the Indiana civil code providing for changes of venue:

"The court in term, or the judge in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one or more of the following causes:

"First. That the judge has been engaged as counsel in the cause prior to his election or appointment as judge, or is otherwise interested in the cause.

"Second. That the judge is of kin to either party.

"Third. That the opposite party has an undue influence over the citizens of the county, or that an odium

attaches to the applicant, or to his cause of action or defense, on account of local prejudice.

"Fourth.   When the county is a party to the suit.

"Fifth.   Showing to the satisfaction of the court that the convenience of witnesses and the ends of justice would be promoted by the change.

"Sixth.   That the judge of the court wherein such action is pending, is a material witness for the party applying for such change.

"Seventh.   When either party shall make and file an affidavit of the bias, prejudice or interest of the judge before whom the said cause is pending." (Annotated Ind. Code, § 412).

It will be readily observed that the Indiana statute, in so far as the first, second, third and sixth grounds are concerned, is in language no more mandatory than the first and fourth paragraphs of ours.   There can not possibly be any material difference in the meaning of the terms "affidavit showing" and "shown by affidavit."  The supreme court of the state of Indiana has uniformly held that, when and application substantially in the language of the statute, based upon either of the grounds last enumerated, is presented to the trial court, the change must be granted regardless of said court's opinion as to the propriety of such action.   (*Leyner v. The State*, 8 Ind. 490; *Shaw v. Hamilton*, 10 Ind. 182; *Goldsby v. The State*, 18 Ind. 147; *Fisk v. The Patriot, etc., Turnpike Co.*, 54 Ind. 479; *Krutz v. Griffith*, 68 Ind. 444; *Krutz v. Howard*, 70 Ind. 174; *Smelzer v. Lockhart*, 97 Ind. 315).

When the application, under the Indiana statute, is based upon the ground that the judge is interested in the cause, or related to one of the parties, it is, of course, necessary to state the facts showing same; but not so when the application is based upon any of the other

grounds. See *Cory v. Silcox*, 5 Ind. 370, wherein the court, among other things, says: "The cause set forth in the petition in the record, is 'on account of local prejudices,' but the counsel of the appellants contend that 'this is not sufficient as it does not state the cause or causes why such prejudices are entertained.' We think this position is requiring too much. To give the causes of such prejudices might require the history of the applicant's life, and the statement of matters wholly foreign to the cause. It is enough for a party to believe that he can not have a fair trial on account of the prejudices of those who try him; that is a cause within the meaning of the second section, *and to require the applicant to state why such prejudices exist would be requiring the cause of a cause.*"

As to approved forms of the affidavits required under the statute of that state see Work's Practice and Pleading, vol. 3, pp. 540, 541.

The same reasoning employed in *Cory v. Silcox, supra,* to show the absurdity of requiring the facts to be stated in an application for a change of venue from the people, "on account of local prejudice," applies with equal force where the application is based upon "the bias and prejudice of the presiding judge." In truth, in many cases, it may be practically impossible for a party to state sufficient facts to establish such prejudice and bias, although the same may actually exist. A person may well know that another is prejudiced against him by reason of many things which have transpired during their business, social or other relations, and yet it may be wholly impracticable to so present these circumstances, in an affidavit, as to show the existence of such prejudice. But, whether or not the statute in question is a desirable or proper one, is not a matter for consideration by this

court but one exclusively for the legislature. The more candid and impartial appellate courts are in declaring the law as it actually exists, regardless of consequences, the better for all concerned.

Counsel for appellee insist that the court may take into consideration his own personal knowledge in passing upon the application, and, in support of this contention, claim that, if the statute is mandatory when the change of judge is sought on account of the bias and prejudice of the judge, it is also mandatory when the ground for such change is "that the judge has been of counsel in the cause, or is of kin to either party to the action," and then say: "Could it be possible, that if the prisoner files an affidavit on the eve of trial, that the presiding judge was of counsel in the case, or was kin to one of the parties, that he is entitled to a change of judge and continuance, although the judge may know that the affidavit is rank perjury?" While I have already noticed this phase of the question, its importance, perhaps, demands further attention and I cannot do better than to quote the following portions of the reasoning of the supreme court of Indiana, in *Witter v. Taylor, supra,* where the very question suggested by counsel is passed upon, to-wit:

"Witter, one of the defendants, filed an affidavit to the effect that Judge Egbert, before whom the action was pending in the common pleas, had been engaged as counsel for the plaintiff in the cause as law partner of W. G. George, the plaintiff's attorney of record.   *   *   Applications for change of venue, in civil cases, are not addressed to the discretion of the court.   *   *   If the affidavit is in substantial conformity to the statute, the change must be granted. The statute is explicit. The 'may' as there used, is clearly imperative and not discretionary.

"The article on change of venue in civil cases, so far

as it is applicable to the question before us, reads: 'Section 207. The court, in term, or the judge, in vacation, may change the venue of any civil action, upon the application of either party, made upon affidavit, *showing* one or more of the following causes, viz: *First:* That the judge has been engaged as counsel in the cause, prior to his election or appointment as judge, or is otherwise interested in the cause.'

" *The basis on which to move for a change is the affidavit of the party. On that, and that alone,* the court must act. If any one of the statutory requirements is complied with the duty of the court is imperative. Something is said about the personal knowledge of the court. But the position is wholly unsound. *Even the judge, in this instance, knew every word of the affidavit to be false, that is nothing to the purpose. He is not to establish a vicious principle even to accomplish a desired end.* His personal knowledge is like that of a juror who has not been sworn to testify, to his fellow jurors. The judge is not at liberty to predicate any judicial action upon it. *The rights of parties do not depend upon his private knowledge. They are to be determined solely by what is judicially adduced in due course of law.* This office in applications for change of venue, *the affidavit alone can perform. If the party commits perjury in the affidavit he subjects himself to the consequences. He takes his change at his peril.*"

The only decisions that the writer has been able to find which hold that a statute like ours is not mandatory, are *German Ins. Co. v. Landram*, [Ky.], 11 S. W. 367, and *Small v. Reeves*, [Ky.], 37 S. W. 682; but, see *Vance v. Field*, [Ky.], 12 S. W. 190.

For the reasons stated I am of the opinion that the judgment of the district court should be reversed, a new trial ordered and the cause remanded for further proceedings in accordance with law.